No. 10,472.

## HARSHMAN v. HEAVILON.

CONTRACT.—*Construction of.*—*Sale of Land.*—*Consideration Shown by Parol.*— *Pleading.*—The mortgagor of certain land, the mortgagee, and another lien-holder entered into a written agreement providing that the mortgagee should purchase said lien-holder's claim; should foreclose his own mortgage and procure title thereunder; should pay off certain other liens; should convey a specified portion of the land to the mortgagor's wife, and should pay a certain sum, less said liens and mortgage, to the mortgagor, upon his conveying the mortgaged premises to the mortgagee, free. In an action by the mortgagor against the mortgagee, on said agreement, alleging performance by the plaintiff, the defendant alleged performance by him, but averred that the holder of another lien, which plaintiff had agreed to pay, had redeemed from defendant's purchase at foreclosure; that plaintiff had failed to pay off such other lien, and, therefore, could not make to the defendant a good title.

*Held*, on demurrer, that the answer is good, that the consideration of the agreement might be shown by parol, and that defendant's written agreement to make certain payments only excludes the idea that he was to make other payments.

From the Clinton Circuit Court.

*J. Claybaugh* and *B. K. Higinbotham*, for appellant.

*T. H. Palmer*, for appellee.

ELLIOTT, J.—The complaint of the appellant is in three paragraphs. The first counts on a written contract, the second on an oral agreement, and the third is for the use and occupancy of the land. The fourth paragraph of the answer sets forth the same written contract as that counted on in the complaint, and as the controlling question in the case is the construction to be given this instrument, it is necessary to set it out, although it is of considerable length. It is as follows:

" Be it witnessed by this memorandum of agreement, made this 20th day of June, 1878, by and between Samuel Ayers, Enos Harshman and Amos Heavilon, that for and in consideration of the sum of $1,500, cash in hand, to be paid to Samuel Ayers by said Amos Heavilon, said Samuel Ayers does hereby sell, assign and set over to said Amos Heavilon, all his right, title and interest in and to eight

.promissory notes executed July 6, 1872, seven notes of $500 each, and one of $600, executed by Enos Harshman to Rebecca Bailey, secured by mortgage on the east half of the southwest quarter of section twenty-two, and the east half of the northwest quarter of section twenty-seven, all in township twenty-one north, of range two west, in Clinton county, Indiana; that suit has been brought on said notes and to foreclose said mortgage against said Harshman and one Leonidas Mitchell; that said cause is now pending in the Supreme Court; that said Heavilon agrees to pay to said Ayers the further sum of $500, whenever said case is decided in favor of said Ayers, and a foreclosure of said mortgage is obtained in said cause, in favor of said Ayers, or to his assignee; that in case said Leonidas Mitchell should, by the decision of said cause in the Supreme Court, obtain judgment in his favor, vesting in him the one-half interest in the said notes and mortgage, then said Heavilon is not to pay said Ayers any further sum than the $1,500, but is to pay said Harshman $500, to be paid on the Mitchell claim. Said Harshman and wife are to execute a deed of conveyance for said land to Amos Heavilon. It is further agreed, on the part of said Enos Harshman, that said Amos Heavilon shall obtain the judgment and foreclosure in the case of *Amos Heavilon* v. *Enos Harshman and wife,* now pending in the Clinton Circuit Court, and that judgment shall be taken immediately; that said sum of $1,500 so paid by said Heavilon to Samuel Ayers shall operate as a payment of that amount on the purchase of the Harshman lands by said Heavilon; that in case the said Mitchell shall gain said case in the Supreme Court, then shall said Heavilon pay the said $500, money that he obtains from the $2,000 to be paid Ayers, and $500 additional that he agrees to pay to satisfy said Mitchell's claim in case that he is successful in the Supreme Court, and Harshman is to pay the remainder, so as to satisfy the said Mitchell's claim; and in case said Mitchell shall be defeated in the Supreme Court, then shall the said Heavilon pay said Ayers

the additional $500, so as to make the $2,000 to be paid said Ayers for his interest in said mortgage, and shall be released from the payment of the additional $500 to satisfy Mitchell's claim; that said Amos Heavilon is to receive from said Harshman and wife the title to 653½ acres of land, situate in Perry township, Clinton county, Indiana; said title is to be obtained by foreclosure of said Heavilon's mortgage on said lands, and sale of said lands under said foreclosure, and by such necessary conveyances as such Harshman and wife can make so as to vest said title in the said Heavilon; said Heavilon hereby agrees to pay said Harshman for said land $35 per acre for all lying north of the Clark's Hill road, and $30 per acre for all lying south of said road; that said Heavilon shall apply so much of said purchase-money to the satisfaction of his mortgage claim and interest as shall be necessary to pay the same, and shall retain the purchase-money or so much thereof as may be necessary to satisfy the Mitchell claim, as above set out, after paying said Ayers $1,500; that said Heavilon is to pay said Ayers $400 to redeem forty acres of said land sold to said Ayers; that said Heavilon shall retain and appropriate so much of said purchase-money as shall be necessary to satisfy all taxes and a school fund mortgage, and shall retain all of said purchase-money until said title is vested in said Heavilon by the foreclosure and sale, and the proper conveyances are executed and delivered and title perfected in said Heavilon and all liens extinguished. Said Heavilon is to execute a deed of conveyance to said Nancy J. Harshman for eighty acres of timber land in Perry township, Clinton county, Indiana, for the sum of $2,400, which is part of said purchase-money for said Harshman land. Said Harshman is to pay interest on all money due Heavilon at this date until the 1st day of August, 1878, at ten per cent. Said Heavilon is to have possession of about ninety acres of said land for wheat ground, on or before the first day of August next, and the remainder of said land said Heavilon is to have possession of, giving

said Harshman time to remove his growing crops, said Harshman to take reasonable care of buildings and fencings. Said Harshman to have the dwelling-house and barn until the 1st day of March, 1879, if he desires it."

The paragraph of the complaint which counts on this contract avers that the appellant in all things complied with his part; that the appellee, Heavilon, procured the land to be sold on his decree of foreclosure and purchased it; that appellant delivered possession of the land to the appellee. It is further averred that the appellee failed to comply with the terms of the contract, in that he refused to pay the purchase-money for the land as he had agreed, and refused to convey to Nancy J. Harshman the forty acres of land as stipulated, and has failed to pay any of the obligations named in the contract. Judgment is prayed for the purchase-money. The fourth paragraph of the answer, after setting forth the contract, alleges that the appellee purchased and occupied the land under the contract; that at the time of the purchase there were divers judgment and mortgage liens on the land which greatly exceeded the sum the appellee had agreed to pay for the land; that among the liens was one in favor of the Farmers' Bank for $2,200 which the appellant agreed to pay; that he did not pay it, nor any of the liens which he had agreed to pay; that immediately after making the contract appellee, with intention to fulfil it, procured a decree of foreclosure and sale of the land and became the purchaser for $11,816; that he paid Samuel Ayers $1,900 in cash; that on the last day of the year allowed for redemption, the Farmers' Bank redeemed from his sale, and afterwards enforced the right acquired by such redemption by a sale of the lands, and that such sale divested all title of the appellant and appellee to the land.

The rule that the consideration of a contract may be shown by parol evidence is an elementary one, and applies in such a case as this. If it be true, as alleged, that the appellant agreed to pay the lien which finally swept away the property

purchased of him by the appellee, then it seems clear that this agreement constituted part of the consideration of the contract, and that if the appellant lost title by his failure to yield the agreed consideration he is in no situation to enforce payment of the purchase-money. One who agrees to convey land by general deed of warranty is bound to make a good title, and if, through his own fault, he is unable to convey such a title, he can not recover the purchase-money.

A familiar rule in the construction of contracts is that the express mention of one thing implies the exclusion of all others, and applying this rule to the contract before us, it must be held that the mention of the things the appellee was to do implies that he was to do no others. If he was to do only the things specified, then the duty of doing all other things essential to protect the title devolved upon the appellant who had undertaken to vest title in the appellee. This leads to the conclusion that it was the duty of the former to pay off the liens which defeated title, and, having failed to do so, he can not recover the purchase-money for land which he was unable to convey.

Harshman was entitled to the debt secured by his mortgage, and the discharge of that debt yielded him nothing that he was not already entitled to, and it can not, therefore, be justly said that he got anything of value from Heavilon for which, either in law or equity, he should account. He got no more than he had a full legal right to receive, and this imposed upon him no duty to pay off liens which he had not contracted to remove.

In the absence of an agreement providing differently, the duty of paying off existing liens on land devolves on the grantor who undertakes to convey title; and if he would escape this duty he must show a contract devolving it upon the grantee. In this case there is no such contract. The ruling on the fourth paragraph of the answer was right. Judgment affirmed.

Filed April 24, 1884.