Moore, Trustee, *v.* Campbell.

Filed June 23, 1887.

---

No. 12,900.

## MOORE, TRUSTEE, *v.* CAMPBELL.

CONTRACT.—*Condition.—Construction.—Promise to Pay Money Upon Completion of Railroad to Certain Points.*—The instrument sued on provided that the money sought to be recovered should become due and payable when a railroad should be built by a named company, and cars should be run from Kirklin, in Clinton county, to Carmel, in Hamilton county. It was further provided, that if said company should not construct said railroad from the former to the latter place and run a train of cars " to within one-fourth of a mile of Carmel within one year from this date, in Hamilton county, Indiana, and also to Indianapolis, in Marion county, Indiana, then this note shall be void."

*Held*, that there can be no recovery on the promise, unless the railroad was completed to both Carmel and Indianapolis within one year from the date of the instrument.

From the Marion Superior Court.

*S. M. Bruce,* for appellant.

*W. Wallace* and *L. Wallace,* for appellee.

ELLIOTT, J.—The question presented by the record in this case arises on a written promise executed by the appellee. containing, among others, these provisions : " The said sum of two hundred dollars shall become due and payable when the Louisville, New Albany and Chicago Railway Company shall have built a railroad and run a train of cars from Kirklin, in Clinton county, Indiana, to Carmel, in Hamilton

county, Indiana. And if said company shall not construct said railroad from Kirklin, in Clinton county, Indiana, to Carmel, in Hamilton county, Indiana, and run a train of cars to within one-fourth of a mile of the town of Carmel within one year from this date, in Hamilton county, Indiana, and also to Indianapolis, in Marion county, Indiana, then this note shall be void."

We think that the superior court was clearly right in holding that there could be no recovery on the promise unless the railroad was completed to Carmel and to Indianapolis within one year. The words "and also to Indianapolis" are to be taken in connection with what precedes them, and thus taken, there can be no doubt that the condition was that two things should be done within one year, namely, build the railroad to Carmel, and to Indianapolis. The words "and also" add to what the preceding words stipulated, and required that the two things specified should be done. It was not enough to do one of them; both must be done.

The words "and also to Indianapolis" can not be treated as mere surplusage, as counsel contends, for they are free from obscurity, are not inconsistent with any other part of the instrument, but, on the contrary, add an important element to the contract.

It is an elementary rule that all the words of a contract are to be given effect, unless the context very decisively shows that they are to be disregarded, and the courts will not declare words to be meaningless except in very clear cases.

Judgment affirmed.

Filed June 22, 1887.