## PENNSYLVANIA CASUALTY CO. v. MILLER.

### No. 8543.

Circuit Court of Appeals, Seventh Circuit.

Nov. 1, 1944.

James J. Cusack, Jr., John F. Cusack, and Robert Irmiger, all of Chicago, Ill., for appellant.

Wyatt Jacobs and Walter A. Christopher, both of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is a declaratory judgment suit to determine the liability of the plaintiff, the Pennsylvania Casualty Company, hereinafter referred to as the company, on an automobile liability insurance policy issued to George Knigge. The latter, while driving the insured automobile, had an accident in which the defendant-appellant, Margaret Miller, hereinafter referred to as the appellant, was injured. For these injuries she brought suit against George Knigge in the Superior Court of Cook County, Illinois.

In accordance with the terms of the policy, attorneys provided by the insurance company appeared to defend Knigge in that suit, but Knigge himself did not appear. In this respect the policy provided: "The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits; * * *"

It is admitted that Knigge did not cooperate. The company requested his attendance and assistance at the trial, and informed him that it was set for February 10, 1943, but Knigge failed to appear. The case was then continued until February 15, 1943. Knigge was notified of this fact by the attorneys for the company and was again requested to assist in the defense of the action and to appear at the trial. When he again failed to appear, the attorneys for the company asked leave of the court to withdraw from the case. The court, however, refused to permit counsel for the company to withdraw and, under the compulsion of the court's order, the attorneys for the company remained in the case and defended the suit.

A verdict was rendered against Knigge, and the attorneys for the company made and argued a motion for a new trial which was overruled. No appeal was taken and the judgment against Knigge became final. The appellant then threatened to sue the company under the following provision of the policy: "Any person or his legal representative who has secured such judgment * * * shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the insured * * *."

The company, believing that it was not liable to the appellant because Knigge had breached the contract of insurance by refusing to cooperate, filed a declaratory judgment suit against the appellant. The company asked to be declared not liable

under the policy to pay the judgment recovered by the appellant and prayed that the appellant be enjoined from prosecuting any suits or actions against the company upon this policy of insurance, on the ground that Knigge had breached the insurance contract by failing to cooperate, and that such breach prevented recovery by the appellant because of a provision of the policy which read: "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy * * *."

The appellant answered the complaint and upon trial the District Court made its finding of fact and stated its conclusions of law. The court found, and there can be no dispute, that Knigge failed to cooperate and that his failure to cooperate was a breach of the insurance contract. On these facts, the court concluded that the company was not liable to the appellant on the judgment recovered against Knigge. The court entered judgment accordingly and enjoined the appellant from bringing any proceedings whatsoever under the policy of insurance. From this judgment, the appellant has appealed.

The appellant raises only one question here. She contends that by defending the action and by arguing the motion for a new trial, the company waived the insured's non-cooperation. Although the appellant did not plead this defense in her answer, the matter was investigated at the trial without objection. Hence the pleadings may be looked upon as amended to meet such proof and we will consider the matter as if the waiver had been pleaded. Fifth Avenue Bank of New York v. Hammond Realty Company, 7 Cir., 130 F.2d 993, 995.

The acts which the company's attorneys performed in defending the suit and arguing the motion for a new trial were done under the compulsion of the court's orders. The attorneys for the company had no freedom of choice. When a party, involuntarily and under the compulsion of authority which he is bound to respect, is compelled to conduct inconsistent with his rights, there is no waiver. Waiver is a voluntary act. This was no voluntary act and no waiver. 27 Ruling Case Law, p. 904.

The judgment is affirmed.