281 F.2d 775
 POTOMAC INSURANCE COMPANY, Plaintiff-Appellee,
v.
N. James STANLEY, George Carnine, Roland Martin, d/b/a Martin's Garage and Body Shop, Michigan Mutual Liability Co., Defendants,
George Carnine, Appellant.
 No. 12907.
 United States Court of Appeals Seventh Circuit.
 August 4, 1960.
 
 1
 COPYRIGHT MATERIAL OMITTED Judson F. Haggerty, John F. McCann, Jr., Haggerty & Haggerty, Indianapolis, Ind. (Jay B. Haggerty, Indianapolis, Ind., of counsel), for appellant.
 
 
 2
 John R. Hiner, William M. Osborn, Indianapolis, Ind. (Bingham Summers & Spilman, Indianapolis, Ind., of counsel), for appellee.
 
 
 3
 Before SCHNACKENBERG and KNOCH, Circuit Judges, and MERCER, District Judge.
 
 
 4
 MERCER, District Judge.
 
 
 5
 Plaintiff, Potomac Insurance Company, filed its suit in the district court for a declaratory judgment that it was not liable to any of the defendants upon its policy of liability insurance issued to the defendant, N. James Stanley.
 
 
 6
 Plaintiff, through its insurance agent at Indianapolis, Indiana, issued its policy of automobile liability insurance to Stanley, an Indianapolis resident, effective February 19, 1957. Among other provisions, that policy contained a standard clause requiring the cooperation of the insured in the defense of any claim or suit which might lead to plaintiff's liability upon the policy,[1] which was expressly made a condition precedent to any action against plaintiff upon the policy.[2]
 
 
 7
 On March 19, 1957, Stanley, while driving the insured automobile, collided with the rear of a vehicle driven by appellant. Appellant sustained personal injuries as a result of that collision, and, ultimately, commenced a suit against Stanley in an Indiana court for damages. Stanley failed to appear and attend the trial of such case in the state court on July 7, 1958, and on October 9, 1958, respective dates upon which the cause was set for trial.
 
 
 8
 In its complaint for declaratory judgment, plaintiff alleged the above facts which are, although denied by appellant's answer to the complaint, now conceded by both parties to be correct. Appellant answered the complaint, denying, generally, all allegations thereof. Plaintiff then filed its motion for summary judgment, which was supported by the affidavits of plaintiff's attorney, William M. Osborn, plaintiff's Indiana Claims Manager, Frank D. Cooper, and Robert Hittle, Indianapolis Claims Supervisor for Retail Credit Company, Inc., which affidavits detail the efforts of plaintiff and its attorneys to secure the cooperation of Stanley in preparing a defense to the Carnine suit and to obtain his presence at the trial thereof. The motion was also supported by the deposition of Stanley, in which he stated that he had had knowledge of the pendency of the Carnine suit, of plaintiff's efforts and desires to confer with him and of the place and date when the case was set for trial; but that he had, notwithstanding that knowledge, failed and refused to correspond with plaintiff or its attorneys, to keep plaintiff advised of his changes of address or to cooperate in any way with plaintiff in the defense of that suit.
 
 
 9
 In opposition to the motion for summary judgment, appellant filed an affidavit of Judson F. Haggerty, one of his attorneys, which stated, inter alia, the factual circumstances of the collision designed to show Stanley's fault therein, and that the affiant had located Stanley through information disclosed to him by appellant, Carnine.
 
 
 10
 Summary judgment was entered declaring that plaintiff was not liable to any of the defendants on its policy of insurance, and appellant, Carnine, took this appeal.
 
 
 11
 In the appendix to his brief, appellant omitted the offidavits of Osborn, Cooper and Hittle, and included only brief excerpts from the deposition of Stanley and excerpts from the affidavit of Haggerty. On April 11, 1960, plaintiff filed its motion to dismiss the appeal, predicated upon the ground that the appellant had failed to include in his appendix all of the pleadings and evidentiary matters upon which the trial court relied in entering summary judgment, in violation of the provisions of Rule 16(b) of this Court, 28 U.S.C.A. On April 20, 1960, we entered an order directing that the motion to dismiss be taken under advisement with the appeal on its merits.
 
 
 12
 In pertinent part, Rule 16(b) provides: "If appellant or petitioner raises a question of the sufficiency of the evidence to support a finding, ruling, order, verdict or judgment, he shall include in the appendix all evidence pertinent thereto."
 
 
 13
 We agree with plaintiff's contention that all of the evidence upon which the trial court relied in entering judgment is essential to a fair presentation to this court of the issue whether summary judgment was properly entered. We agree with the contention that appellant's appendix is woefully deficient in that regard. And we also agree with plaintiff's contention that the quoted provision of Rule 16(b) is mandatory, and that a party who fails to provide an appendix which is sufficiently complete to present the questions upon which he relies on appeal takes a risk that his appeal will be dismissed. As we indicated in Chicago & E. I. R. Co. v. Southern Ry. Co., 7 Cir., 261 F.2d 394, 400, note 7, the failure to include in the appendix all parts of the record and transcript necessary to fairly present any error alleged would justify this court's refusal to consider such alleged error. To the same effect are National Labor Relations Board v. Knight Morley Corp., 6 Cir., 251 F.2d 753, 760-761, certiorari denied 357 U.S. 927, 78 S.Ct. 1372, 2 L.Ed.2d 1370; Esso Standard Oil Co. v. Secatore's, Inc., 1 Cir., 246 F.2d 17, 22-23, certiorari denied 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46; United Electrical, Radio & Machine Workers v. Oliver Corp., 8 Cir., 205 F.2d 376, 389, certiorari denied 344 U.S. 897, 73 S.Ct. 277, 97 L.Ed. 693; Hornin v. Montgomery Ward & Co., 3 Cir., 120 F.2d 500, 504.
 
 
 14
 The basic question upon the merits of this appeal, namely, whether the trial judge correctly concluded that there was no genuine issue as to any material fact, can be decided by this court only upon a review of all pleadings, affidavits and other evidentiary matter which the trial court had before it when summary judgment was entered. Appellant's appendix is flagrantly and inexcusably incomplete in that respect to a degree which we must sternly condemn.
 
 
 15
 We are entitled to rely upon the appendices as presented, and, upon principle, dismissal of this appeal should follow, except for the special circumstances that plaintiff has presented a complete appendix in conjunction with its brief. Under the circumstances, the question whether we would resort to the original record for decision of the appeal, cf., Chicago & E. I. R. Co. v. Southern Ry. Co., supra, or whether we would dismiss has become moot. The motion to dismiss is, therefore, denied.
 
 
 16
 The ultimate issue remaining for decision is the issue whether the court below correctly determined that no genuine issue as to any material fact remained for decision and that plaintiff was entitled to judgment as a matter of law. The substance of that ultimate issue is the legal effect of the facts shown as to Stanley's alleged failure to cooperate in the defense of the Carnine suit. Federal jurisdiction is based upon diversity of citizenship of the parties, and, therefore, Indiana law governs the substantive question. Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.
 
 
 17
 We have found no Indiana decision dealing with the question of the effect of the failure of an insured person to cooperate with his insurer in the defense of a claim covered by the policy of insurance, and authorities from other jurisdictions are apparently divided. The Indiana courts have, however, announced basic principles of law which suggest the ultimate decision of the question.
 
 
 18
 A policy of insurance is a contract, and its interpretation is controlled by the same law as that governing any other contract. Billington v. Prudential Ins. Co., 7 Cir., 254 F.2d 428, 430-431; Burns' Ind.Stats., Anno., § 39-3203(a), (o); Metropolitan Life Ins. Co. v. Alterovitz, 214 Ind. 186, 203, 14 N.E.2d 570, 577, 117 A.L.R. 770. A party who is in default on a contract forfeits his right to enforce the contract for his benefit, Harshman v. Heavilon, 95 Ind. 147; Board of Commissioners of St. Joseph County v. South Bend & M. St. Ry. Co., 118 Ind. 68, 20 N.E. 499; Indianapolis, D. & C. R. Co. v. Holmes, 101 Ind. 348, 351-352, and a third party who asserts a claim upon the contract as a subrogee of one of the contracting parties stands in the same position as the party under whom he claims. Automobile Underwriters v. Camp, 217 Ind. 328, 27 N.E. 2d 370, 28 N.E.2d 68, 128 A.L.R. 1024; Lomont v. State Farm Mut. Auto. Ins. Co., 128 Ind.App. 645, 151 N.E.2d 701. A contract which is without ambiguity will not be rewritten by the courts for the benefit of a third party claimant. Automobile Underwriters v. Camp, supra; Lomont v. State Farm Mut. Auto. Ins. Co., supra.
 
 
 19
 Upon the question whether breach of the notice provisions of an insurance policy is a defense to a claim upon the policy, the Indiana courts have held that compliance by the insured with such provisions of a policy of insurance is a condition precedent to a claim upon the policy. E.g., Lomont v. State Farm Mut. Auto. Ins. Co., 128 Ind.App. 645, 151 N.E.2d 701, 704; London Guarantee & Accident Ins. Co. v. Siwy, 35 Ind.App. 340, 343-345, 66 N.E. 481. In applying Indiana law to a claimed defense of lack of notice of a loss, we said, "Defendant had agreed to insure such losses only on the condition that it be given reasonable notice and the right to try to protect itself." Muncie Banking Co. v. American Surety Co., 7 Cir., 200 F.2d 115, 119. Cf., Knight & Jillson Co. v. Castle, 172 Ind. 97, 108-112, 87 N.E. 976, 27 L.R.A., N.S., 573.
 
 
 20
 By analogy to the above decisions, we are convinced that the standard cooperation provisions of plaintiff's policy must be likewise construed as a condition precedent to liability. Plaintiff had agreed to insure Stanley against injury claims such as that of appellant only upon the plainly expressed condition that Stanley would cooperate with plaintiff in all stages of the defense of such claims. That result is in accord with the great weight of American authorities.
 
 
 21
 The standard cooperation clause is a material condition of a liability policy and a breach of that condition relieves the insurer of liability. F.2d 292, 293; Schneider v. Autoist Mut. Co., 7 Cir., 207 F.2d 588, 591; Pennsylvania Casualty Co. v. Miller, 7 Cir., 145 F.2d 292, 293; Schneider v. Autoist Mut. Ins. Co., 346 Ill. 137, 178 N.E. 466; Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 160 N.E. 367, 369, 72 A.L.R. 1443. The voluntary and unexcused failure of an insured person to attend a trial upon a claim covered by his policy of insurance is a breach of the standard cooperation clause. E.g., Pennsylvania Cas. Co. v. Miller, supra; Royal Indem. Co. v. Rexford, 5 Cir., 197 F.2d 83, 85; Roberts v. Commercial Standard Ins. Co., D.C.W.D.Ark., 138 F.Supp. 363, 374-375, and cases there cited; Patton v. Washington Ins. Exchange, 288 Ill. App. 594, 6 N.E.2d 472, 473; Fischer v. Western & Southern Indem. Co., Mo. App., 106 S.W.2d 490; Howell v. Frost, 98 Ohio App. 127, 128 N.E.2d 189.
 
 
 22
 There can be no question upon this record that Stanley did refuse to attend the trial, and did refuse to cooperate with plaintiff in any way, in the defense of the Carnine personal injury suit. There can be no question that Stanley thereby breached a material condition of his liability policy. The Osborn affidavit states that plaintiff had knowledge that the Carnine suit was pending, that plaintiff's attorneys desired his aid in preparing a defense to that suit and that the trial thereof was set for July 7, 1958. That affidavit further states that Stanley failed to contact plaintiff, or its agents, that Stanley moved and failed to notify plaintiff of his address and that he failed to attend court on either July 7, 1958 or October 9, 1958, when the case was set for trial. Stanley so admitted in his deposition, stating, unequivocally, that he had refused to cooperate with plaintiff. Plaintiff reserved its rights by a timely notice to Stanley that it would assume no further obligation under its policy to defend the Carnine suit, and that it would file a suit for declaratory judgment that it was not liable on its policy for the Carnine claim. None of these facts is disputed by appellant.
 
 
 23
 Appellant contends, however, that it was essential for plaintiff to prove that it was prejudiced by the lack of Stanley's cooperation before the plaintiff would be entitled to judgment. We reject that contention. To the extent that the opinions in Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co. v. Owens, 4 Cir., 238 F.2d 549; State Farm Mut. Auto. Ins. Co. v. Koval, 10 Cir., 146 F.2d 118, and Kennedy v. Dashner, 319 Mich. 491, 30 N.W.2d 46, do tend to support appellant's contention, we are convinced that they are contrary to the great weight of American authority.
 
 
 24
 Royal Indem. Co. v. Rexford, 5 Cir., 197 F.2d 83, cited by appellant for this proposition, does not support his contention. There the court reversed a judgment, entered in a garnishment proceeding against an insurance company by a judgment creditor of one of its policy holders, for the reason that the trial court had admitted, in opposition to the insurance company's defense of non-cooperation, substantial evidence tending to show that the result of the garnishor's personal injury suit would have been the same had the policy holder appeared to defend the suit. In so ruling, the court held that the mere absence of the insured from a trial was a complete defense to a claim upon the policy if the insurance company had exercised due diligence in attempting to obtain his presence at the trial. In this context, the court pointed out that the failure of an insured person to testify at a trial would not necessarily be prejudicial non-cooperation, but "his failure to attend the trial would be." 197 F.2d at page 86. A majority of American decisions so hold. E.g., Tillman v. Great American Indem. Co., 7 Cir., 207 F.2d 588; Schneider v. Autoist Mut. Ins. Co., 346 Ill. 137, 178 N.E. 466; Fischer v. Western & Southern Indem. Co., Mo.App., 106 S.W. 2d 490; Eakle v. Hayes, 185 Wash. 520, 55 P.2d 1072; Indemnity Ins. Co. of North America v. Smith, 197 Md. 160, 78 A.2d 461; Beam v. State Farm Mut. Auto. Ins. Co., 6 Cir., 269 F.2d 151. Cf., Muncie Banking Co. v. American Surety Co., 7 Cir., 200 F.2d 115.
 
 
 25
 We think the majority view, that the failure of an insured person to attend a trial and aid in the defense when a case against him is called for trial, is per se, prejudicial, is consistent with the established principle of Indiana law that one who would seek to enforce a contract for his benefit must show that he has performed all conditions on his part required to be performed as a condition precedent to his right. Indianapolis, D. & C. R. Co. v. Holmes, 101 Ind. 348; Knight & Jillson Co. v. Castle, 172 Ind. 97, 87 N.E. 976, 27 L.R.A.,N.S., 573.
 
 
 26
 Appellant contends also that a question of fact remains in this case as to whether plaintiff was diligent in its efforts to locate Stanley and to obtain his cooperation and his attendance at the trial. In support of this contention, appellant recites a statement of the affidavit filed by him that his attorneys located Stanley on the basis of information which he had supplied them, and upon a statement of Stanley during his deposition that he realized that he would have to do something more than he had done in the past to abide by the cooperation clause of the policy. We think the argument is more illusory than real.
 
 
 27
 The efforts of plaintiff and its attorneys, to locate Stanley and secure his cooperation, are not refuted. The affidavits supporting plaintiff's motion for summary judgment reveal that plaintiff's attorneys sought to enlist Stanley's cooperation by a series of letters beginning in September, 1957. A total of nine letters were mailed to Stanley, the latest being dated May 8, 1959. Copies of most of these letters were mailed to members of Stanley's family. Stanley moved from Indianapolis to Columbus, Ohio, and, after plaintiff located him there, he moved to Dayton, Ohio. On each occasion he failed to notify plaintiff of his address. Plaintiff's Indiana Claims Manager sought to locate Stanley in the latter part of 1957. Upon information that Stanley had left Indianapolis, the claim manager employed the services of the Indianapolis office of Retail Credit Company, Inc., to trace Stanley. Their search, including a broadcast of disappearance on Stanley to Credit Company's 305 offices nation-wide, failed to locate Stanley, but did locate Stanley's wife and daughter and sister, all in Ohio. Those persons professed to have no knowledge of Stanley's whereabouts. Stanley admitted that he received correspondence at Indianapolis and at Columbus, Ohio, but simply ignored it. We think it not debatable that due diligence was shown.
 
 
 28
 It is immaterial that appellant's attorney located Stanley on the basis of information which is not shown to have been available to plaintiff and its agents. Stanley's statement, for whatever it is worth, indicating that he now saw that he should cooperate with the insurance company, is likewise immaterial to any issue in this suit. Even if it be treated as an offer to perform the cooperation condition of the insurance policy, that offer comes too late. It has long been settled in Indiana law that the performance of a contract, or the offer of performance, after a suit has been brought for breach thereof, will not act as a bar to prosecution of the pending suit. Indiana, B. & W. Ry. Co. v. Adams, 112 Ind. 302, 14 N.E. 80.
 
 
 29
 Appellant's contention, that the defense of non-cooperation was waived by plaintiff because plaintiff, so far as the record shows, did not withdraw from the defense of the Carnine suit, was not presented to the trial court and cannot be raised for the first time on appeal. Atlas Assurance Co. v. Standard Brick & Tile Corp., 7 Cir., 264 F.2d 440. We note, in passing, that appellant stated on oral argument that plaintiff's attorneys had withdrawn from the defense of the Carnine suit, and that, thereafter, a default judgment was entered for appellant.
 
 
 30
 Other contentions related to those above discussed have been considered by the court and rejected as having no merit.
 
 
 31
 Upon review of the whole record, we hold that the trial court correctly determined that no genuine issue as to any material fact remained in this case for decision and that summary judgment was properly entered. Lewis v. Quality Coal Corp., 7 Cir., 243 F.2d 769; Repsold v. New York Life Ins. Co., 7 Cir., 216 F.2d 479.
 
 
 32
 The judgment is therefore, affirmed.
 
 
 
 Notes:
 
 
 [1]
 "12. Assistance and cooperation of the insured. The insured shall cooperate with the company, and upon the company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the assistance of witnesses and in the conduct of suits."
 
 
 [2]
 "13. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, * * *."