## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,

v.

## Richard WALKER, Dorothy Walker, Defendants-Appellants.

### No. 16061.

United States Court of Appeals Seventh Circuit.

July 17, 1967.

Rehearing Denied Sept. 18, 1967, en banc.

Gerald G. Fuchs, John P. Hancock, Evansville, Ind., Bates & Hancock, Evansville, Ind., of counsel, for appellant.

Fred P. Bamberger, Evansville, Ind., Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., of counsel, for appellee.

Before KNOCH, KILEY and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This is a diversity action seeking relief under the Federal Declaratory Judgment Act (28 U.S.C. § 2201). Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois corporation with its principal office and place of business in Bloomington, Illinois. The defendants are Richard Walker and his former wife, Dorothy Walker, who are Indiana citizens.

Richard Walker held an automobile insurance policy issued by State Farm. In the policy the insurer agreed to defend any suit against Richard Walker seeking damages for bodily injury or property damage caused by accident arising from the use of the insured's car. The policy also contained the following clause:

"The insured shall cooperate with the Company and upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal

proceedings in connection with the subject matter of this insurance."

At 6:00 P.M. on July 3, 1964, Mr. and Mrs. Walker were traveling along Indiana State Highway 67 near Martinsville, Indiana, when an accident occurred while Mr. Walker was driving. Five days after the accident, Walker gave a statement to State Farm that the accident was caused in an effort to avoid an oncoming car on his side of the highway. Walker also advised State Farm that Mrs. Walker had not complained about his driving. The following day, Mrs. Walker allegedly gave a statement to State Farm confirming her former husband's version of the accident.

On October 13, 1964, Mrs. Walker sued Mr. Walker for $50,000 for damages she suffered in the accident. In the state court complaint, she alleged that Mr. Walker was traveling at 65 miles an hour on a rain-slick roadway, and that over her repeated admonitions to slow down, he attempted to pass a car ahead of his Oldsmobile, causing him to lose control of his car so that it ran into a ditch. Pursuant to the insurance policy, State Farm employed attorneys to defend the action against Mr. Walker.

On October 16, 1965, Richard Walker's deposition was to be taken by counsel for his former wife in her damage suit. Beforehand, in a conversation with his attorney, Walker denied the veracity of his July 8 statement and said that he had lost control of his car in an effort to pass a Cadillac ahead of him. He then testified in the deposition taken in his former wife's lawsuit that she had admonished him about the manner and speed of his driving and that the accident occurred in his effort to pass a Cadillac ahead of his car. Nothing was said about another automobile proceeding from the opposite direction of his lane. Mrs. Walker's deposition of the same date confirmed her former husband's second version of the accident.

Just after the completion of the depositions of Mr. and Mrs. Walker, his attorney took his statement *ex parte* and under oath. In that statement, Walker admitted that his preceding deposition was contrary to the statement he had given to State Farm on July 8, 1964. He said that he had not mentioned the Cadillac in the earlier statement because he was leery of losing his insurance, had been convicted of speeding, and had previously had a drunken driving charge against him. As to his earlier statement, he said:

"I never lied for any reason other than to try to save my damned insurance or what have you."

On October 29, 1965, State Farm notified Richard Walker that it was disclaiming liability under the policy and was withdrawing from his defense in Dorothy Walker's suit on the ground that he had breached the cooperation clause contained in the insurance policy. On November 3, 1965, counsel withdrew their appearance for Richard Walker in that lawsuit, which was scheduled for a November 8, 1965, trial. The case was subsequently to be re-set for trial, but no trial date has yet been fixed.

The District Court found that Walker had breached the cooperation provision of the insurance policy by giving a false version of the accident to State Farm "during its investigation", [1] and that his breach misled State Farm "to its disadvantage in the handling of Dorothy Walker's claim in an essential matter". The District Court also found that State Farm had not waived Walker's breach of the cooperation provision of the policy by continuing to defend him after it was aware of the breach. The court thereupon granted State Farm's motion for summary judgment, relieving the insurer of its obligations under the policy for claims arising out of the July 3 automobile accident.

On appeal, Mr. and Mrs. Walker contend that summary judgment was im-

---

1. The investigation took place in July 1964, so that the District Judge apparently considered Walker's first version to be false. Similarly, in several places State Farm's brief treats the first version as false.

proper on the ground that there are genuine issues as to material facts. See Rule 56(c) of the Federal Rules of Civil Procedure. We of course stand ready to approve summary judgments when the terms of Rule 56 are satisfied (see Markwell v. General Tire and Rubber Co., 367 F.2d 748 (7th Cir. 1966)), but here certain material facts remain controverted, so that summary judgment was improper.

██ This being a diversity action, Indiana law is decisive. In that state, it has been held that a breach of the cooperation clause occurs when, as here, an insured furnishes false information of a material nature to the insurer. Motorists Mutual Insurance Company v. Johnson, 218 N.E.2d 712, 716 (Ind.App.1966). However, under Indiana law, the insurer is required to establish prejudice resulting from the insured's breach of the cooperation clause in order to be relieved of its contractual obligations. Idem at p. 715.[2] But it has been said that an insurer is not prejudiced unless the breach will produce a judgment less favorable to it in the tort suit. See Note, "Liability Insurance Policy Defenses and the Duty to Defend", 68 Harv.L.Rev. 1436, 1441 (1955). At this time, any answers to the question whether State Farm has been prejudiced in its defense of the underlying tort action would be speculative. This inherent uncertainty has prompted courts to postpone or deny declaratory relief when the underlying tort action is pending. Idem at pp. 1449–1450.

█ Defendants insist that State Farm was not prejudiced because after Richard Walker's October 16, 1965, *ex parte* sworn statement and deposition three weeks prior to the trial date, State Farm made no attempt to settle the case, continue the depositions, investigate further, or obtain a postponement of the trial date. On the other hand, State Farm claims it might have offered to settle Dorothy Walker's suit if it had not been misled by the July 8, 1964, statement of Richard Walker. However, the October 1964 complaint in Dorothy Walker's state court action against her former husband was on the same theory as Mr. and Mrs. Walkers' October 16, 1965, depositions and his *ex parte* statement. In contrast to Walker's first version of the accident, the complaint alleged that he was driving "in excess of 65 miles an hour and over the repeated admonitions of plaintiff [Dorothy Walker] to slow down, willfully and wantonly attempted to pass a vehicle in front of his vehicle and as a result of which willful and wanton misconduct the defendant [Richard Walker] lost control of his vehicle and ran off the said Indiana State Road 67 into a ditch * * *". Thus the October 1965 version of the accident was not a bolt from the blue. The complaint itself put State Farm on notice that it had a potentially serious trial ahead. Since October 1964, State Farm had ample time to investigate the allegations that the accident had been caused by Walker's passing a car ahead of him and to negotiate a settlement.[3] If necessary, State Farm could doubtless have obtained a continuance of Mrs. Walker's suit. In fact, the state case has not yet been tried, nor has a trial date been set.[4]

---

2. Potomac Insurance Company v. Stanley, 281 F.2d 775 (7th Cir. 1960), was decided prior to the *Johnson* case and even in *Stanley* the breach was held to be *"per se,* prejudicial" (at p. 781.) The failure of the insured Stanley to attend the trial or cooperate in any way with the insurer would be prejudicial as a matter of law. But cf. State Farm Mutual Automobile Insurance Co. v. Koval, 146 F.2d 118, 120 (10th Cir. 1944). See also 14 Couch on Insurance 2d §§ 51:101, 51:107; 8 Appleman Insurance Law and Practice §§ 4773, 4782; 34 ALR 2d at pp. 267–268.

3. Defendants claim that State Farm was not interested in settling even after it learned the second version of the accident. On deposition, its Resident Claim Superintendent testified that State Farm had no reason to consider liability even after the depositions of the Walkers were taken.

4. On motion of Dorothy Walker's counsel, the November 8, 1965, trial date was vacated.

In these circumstances, there is clearly an issue of fact as to whether State Farm was prejudiced by Walker's breach of the cooperation clause, so that summary judgment was not justified. Cf. Standard Accident Insurance Co. of Detroit, Mich. v. Winget, 197 F.2d 97, 34 A.L.R.2d 250 (9th Cir. 1952).

■ There is also a factual question whether State Farm waived Walker's breach. On October 16, 1965, his counsel, selected by State Farm to defend Dorothy Walker's suit for $50,000 damages, was apprised by Walker that his earlier version of the accident was untrue and that actually the accident occurred because he lost control of his car in passing a Cadillac just ahead. At that point, Walker's counsel should have refused to participate further in view of the confict of interest between Walker and State Farm. Allstate Insurance Co. v. Keller, 17 Ill.App. 2d 44, 50–53, 149 N.E.2d 482, 485–487, 70 A.L.R.2d 1190 (1st Dist. 1958); see Valladao v. Fireman's Fund Indemnity Co., 13 Cal.2d 322, 89 P.2d 643, 645–646 (1939).[5] Instead he participated in the ensuing depositions of the Walkers, even took an *ex parte* sworn statement from Mr. Walker in order to advise State Farm what action it should take, and later used the statement against Walker in the District Court. This action appears to contravene an Indiana attorney's duty "at every peril to himself, to preserve the secrets of his client" [Richard Walker] (Section 4–3608 Fifth Burns Indiana Statutes). This statement was hardly in Walker's best interest, for as State Farm's brief acknowledges, it revealed "an essential element to * * * Dorothy Walker's action under the Indiana Guest Statute". In our view, Walker's counsel's conduct on and after October 16, 1965, raises a question of fact as to whether State Farm waived Walker's breach of the cooperation clause. This would depend, for example, on the relationship between State Farm and the counsel it had selected for Walker. The testimony of Walker, his then counsel and officials of State Farm is needed to resolve this waiver question.

Reversed and remanded.

KNOCH, Circuit Judge (dissenting).

I must respectfully disagree with the majority. I would affirm the judgment in this case. It is uncontroverted that the insured Richard Walker intentionally furnished false and misleading information to the plaintiff. I cannot agree that actual proved prejudice in the form of a "less favorable" tort judgment is essential to plaintiff's recovery under Indiana law in the light of the Johnson case. When the majority assert that prejudice must be established under Johnson, it seems to me that a strained interpretation is being placed on the statement in that opinion. The Court there said: (p. 715)

"A technical or inconsequential lack of cooperation has often been held insufficient to void the policy and the lack of cooperation to be sufficient must be in some substantial and material respect. Noncooperation must be material. Prejudice must be shown by insurer. 7 Am.Jur.2d, Automobile Insurance, §§ 176, 181, pp. 508, 509, 517. See also 60 A.L.R.2d 1138, 1150."

The repudiation of a statement which if true would constitute a defense to the action can hardly be called a technical or inconsequential lack of cooperation. Surely deliberately misleading information is as prejudicial per se as failure to attend a trial as in the Stanley case.

Nor can I agree that there are any factual disputes which might form the basis of a waiver by the plaintiff. The factual allegations of the Complaint filed by Dorothy Walker were no notice that the apparently complete defense asserted

5. See also T. C. Theatre Corp. v. Warner Bros. Pictures, 113 F.Supp. 265, 269 (S.D.N.Y.1953); Schwartz v. Sar Corporation, 19 Misc.2d 660, 195 N.Y.S.2d 496, 503, 505 (Sup.Ct.1959), reversed on other grounds, 9 A.D.2d 910, 195 N.Y.S. 2d 819 (App.Div.1959); American Employers Insurance Co. v. Goble-Aircraft Specialties, 205 Misc. 1066, 131 N.Y.S.2d 393, 401 (Sup.Ct.1954).

by the insured was a lie. Similarly I see no support for a finding of waiver in the cautionary procedure of taking additional statements from the insured, who was bound to make full and frank disclosure to the plaintiff, to ascertain whether he had in fact deliberately lied to the plaintiff and thus failed to perform an important condition precedent to enforcement of the contract for his own benefit.