(No. 29429.—

Marjorie Allen Zitnik, Admx., Appellant, *vs.* William Burik *et al.*—(United States Mutual Insurance Company, Appellee.)

*Opinion filed November 20, 1946.*

CATTELL & WALDRON, and ALFRED ROY HULBERT, both of Chicago, for appellant.

BARRETT, BARRETT, COSTELLO & BARRETT, (WENDELL H. SHANNER, of counsel,) both of Chicago, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

William Burik owned an automobile on which he carried public liability insurance with the United States Mutual Insurance Company. In June, 1942, while the policy was in force, Burik granted Herbert Muthart permission to drive his automobile from Burik's place of business to Muthart's home. While Muthart was driving the automobile, it struck William B. McInerney causing his death. Plaintiff, as administratrix of the McInerney estate, sued

Burik and Muthart in the circuit court of Cook county to recover damages for wrongful death. Before the cause was submitted on the evidence, Burik was dismissed from the action on plaintiff's motion. The hearing proceeded against Muthart and resulted in a judgment against him for $5000. The judgment was not paid and after taking the preliminary steps necessary to the starting of a garnishment proceeding, plaintiff caused the insurance company (referred to herein as defendant,) to be summoned as a garnishee. The cause was submitted on defendant's answer to interrogatories and evidence. A judgment was entered against the insurance company for $5000. On appeal the Appellate Court reversed the judgment and remanded the cause with directions to discharge the garnishee. (327 Ill. App. 170.) Leave to appeal was granted.

The policy defined the unqualified word "insured," as used in the various clauses of the policy, to include not only the named insured (Burik) but also any person using the automobile for "pleasure and business" or "commercial" purposes, provided the actual use was with the permission of the named insured.

Burik testified that he gave Muthart permission to drive the automobile from his store to Muthart's home and keep it overnight, and return with it in the morning. This is not denied. There is an intimation that when the accident occurred Muthart might have been driving the car on a trip for which he did not have Burik's permission, but defendant makes no point of it, so the cause will be considered on the assumption that Muthart was driving within the scope of his permission when the accident occurred.

The insurance company concedes Muthart had coverage under the omnibus clause of the policy but contends that other policy provisions imposed a duty on him to co-operate with it in its investigation and defense of any claim that might be made and that he failed to perform such duty. Plaintiff says that Muthart did not know of the protection

the policy afforded him and since defendant failed to give him such information, there was no duty resting upon Muthart to co-operate with defendant.

The pertinent parts of the policy provide that "Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company * * * as soon as practicable." It further directs the notice shall contain facts sufficient to identify the insured and to give reasonable information as to the time, place and circumstances of the accident, the names and addresses of the injured and available witnesses. If claim was made or suit was started against the insured, he was required to forward to the insurer all demands, notices, summons or other process received by him or his representatives. The seventh provision was as follows: "The insured shall co-operate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits; and the company shall reimburse the insured for expenses, other than loss of earnings, incurred at the company's request." The eighth provision directed that no action should lie against the insurer unless, as a condition precedent thereto, the insured had fully complied with all the terms of the policy.

The accident occurred on the early morning of June 21, 1942, the action for wrongful death was filed July 11, Muthart was served with summons on July 13, and counsel of his own selection filed an appearance as his attorney of record on August 3. Defendant furnished Burik counsel to defend the action against him and such counsel remained as Burik's attorney of record until the cause was dismissed as to him on plaintiff's motion. Defendant was not requested and did not furnish counsel to Muthart.

It appears that immediately following the accident Muthart was placed under arrest and was confined to the county

jail for a few days. At the time of the coroner's inquest, he was ordered held to await the action of the grand jury. There is uncertainty as to whether an indictment was returned against him but at any rate there is no evidence that he was tried on any criminal action. Muthart testified at the inquest and defendant had a transcript of his evidence. Muthart did not deliver to defendant the process served on him in the damage action. He gave no notice of the accident to defendant, neither did he furnish any information as to the persons injured or the names of witnesses. On July 16 following the accident, an investigator for defendant undertook to interview Muthart at his home. He refused to answer any questions propounded by the investigator and excused himself on the grounds that his attorney had told him "to keep his mouth shut." A few weeks after July 16, the investigator made an attempt to locate him but could not find him. The only information he had was that Muthart had moved out of the State.

If the provisions of the policy required Muthart's cooperation with the defendant and he failed to meet such requirement, then he could not recover on the policy unless defendant waived such default or did something by which it was estopped to interpose the default as a defense. If Muthart had no right of recovery on the policy, then plaintiff has none. *Schneider* v. *Autoist Mutual Ins. Co.* 346 Ill. 137.

The principles governing the interpretation and construction of insurance contracts do not differ from those controlling in other contracts. (*Capps* v. *National Union Fire Ins. Co.* 318 Ill. 350; *Cottingham* v. *National Mutual Church Ins. Co.* 290 Ill. 26.) They must be construed according to the sense and meaning of the terms which the parties have used and if the language is clear and unambiguous it must be taken and understood according to its plain, ordinary and popular sense. (*Moscov* v. *Mutual Life*

*Ins. Co.* 387 Ill. 378; *Chicago National Life Ins. Co.* v. *Carbaugh,* 337 Ill. 483.) The courts cannot make a new contract by supplying provisions nor can they give plain and unambiguous terms a distorted construction that will defeat the clear intent and purpose of the contract. *Crosse* v. *Supreme Lodge Knights of Honor,* 254 Ill. 80.

By the terms of the policy, a permissive user of Burik's automobile was an insured and in prescribing the duties of an insured to co-operate with the insurer no distinction was made in regard to the performance of such duty between a named insured and one who became an insured by being a permissive user. The language of the policy in that regard is clear and needs no construction. To avail himself of the protection provided by the policy, Muthart was bound to a performance of the conditions of co-operation. Policies containing similar requirements of co-operation by a permissive user have been before the courts of review in other jurisdictions and given the same construction as herein set forth. *Whittle* v. *Associated Indemnity Corp.* 130 N.J.L. 576, 33 Atl. 2d 866; *Curran* v. *Conn. Indemnity Co.* 127 Conn. 692, 20 Atl. 2d 87; also see Annotation 72 A.L.R. Subdiv. XIV (c), page 1428; supplemented 98 A.L.R. 1484 and 139 A.L.R. 805.

Plaintiff's contention that Muthart was under no obligation to co-operate until defendant disclosed the fact to him that he was an insured under the policy cannot be sustained. Even though the requirement for Muthart's co-operation was dependent on his knowledge of the benefits afforded him by the policy, plaintiff's contention could not be adopted for the reason that there is no evidence that Muthart did not have knowledge of such fact. It is true the evidence shows defendant did not apprise him of the benefits he might derive under the insurance policy but there is no evidence that he did not acquire the information from another source. Burik testified to a conversation he had with Muthart two or three weeks after the accident in

which he told Muthart to go to the insurance company and give a statement and that Muthart said he would. Plaintiff says that it may be assumed that Muthart did not know of the beneficial provisions of the policy but there is nothing upon which such an assumption may be based. Whether defendant was required to give Muthart notice of the protection afforded him by the policy before there was any duty resting upon him to co-operate is beside the question, for the requirement of co-operation from an insured was not conditioned on such action.

It is suggested that the fact that a criminal charge was pending against Muthart excused him from the obligations of co-operation. We cannot perceive how threatened criminal action could operate to excuse Muthart from delivering the summons served on him in the civil action nor from giving notice of the accident including the name of the person injured and the names of the witnesses. It does not appear that there was anything in the character of the questions asked by defendant's investigator which furnished Muthart any basis to suspect that the facts he disclosed would be used against him in the criminal action. It may be he was influenced by the admonition of his counsel that he should not talk, but that would not justify his refusal to disclose the facts to the defendant. His refusal to fulfill any of the requirements of the policy and his leaving the State without giving the insured or Burik any information as to where he was going shows that he disregarded the conditions upon which his protection under the policy rested. Since Burik was not riding in the car at the time of the accident, the defendant did not have an opportunity to acquire information as to the facts surrounding the accident. Muthart could not have recovered from the defendant and plaintiff's rights are no greater than his. For cases in other jurisdictions where it has been held that the possibility of criminal prosecution accompanied with departure from the State does not excuse compliance with

the co-operative clause, see *Goldstein* v. *Bernstein,* 315 Mass. 329, 52 N.E. 2d 559; *Cameron* v. *Berger,* 336 Pa. 229, 7 Atl. 2d 293.

Plaintiff relies upon *Scott* v. *Inter-Insurance Exchange,* 352 Ill. 572, and in her petition for leave to appeal expressed the view that the holding of the Appellate Court was contrary to the holding in the *Scott case.* In the *Scott case,* Scott was a permissive user of the automobile. He and the owner of the car were riding in it when the accident occurred. Both were made parties defendant in an action for damages. The verdict and judgment was entered in favor of the owner but against Scott. Scott sued the insurance carrier to recover the losses he had sustained. It appears in the opinion that the owner of the automobile delivered three notices and statement of accident to the insurer, giving the name of Scott as the driver and details of the accident. One of such statements was signed by both Scott and the owner. A fourth notice which was given by the owner stated that a claim for damages had been made against Scott and the owner. Not knowing of the benefits afforded him by the policy, Scott employed counsel of his own selection. It does not appear that he ever at any time refused to give any information requested of him by the insurer. During the trial of the negligence action he learned of the favorable policy provisions and immediately notified the insurer. After judgment was entered against him he requested the insurer to take an appeal. This was refused. In Scott's action against the insurer, it was contended Scott did not comply with the conditions precedent, and that the owner had likewise failed. In considering these two contentions it was held that the insurer's employment of counsel to defend the owner in the negligence action constituted a waiver of any failure of the owner to perform the conditions precedent of the policy and that in view of the information given the insurer by the owner, joined in by Scott, the waiver as to the owner

redounded to the benefit of Scott. Thus it will be noted that the questions on which this case was submitted were not involved in the *Scott case* and there was nothing said in that case which conflicts with the views expressed.

Counsel for plaintiff also call attention to *Scott* v. *Freeport Motor Casualty Co.* 392 Ill. 332, and particularly as to what was said on page 346 of the report. Emphasis is placed upon the statement that it would be an injustice to the injured party if the law permitted the acts of the insured occurring after the accident to defeat recovery on the policy. It should be noted that this statement was made in considering the defense pleaded by the insurer, which was that the insured's acceptance of compensation benefits from the Morris Cattle Co. had the effect of an admission on his part that he had changed his occupation and was an employee of the cattle company and that, consequently, there was no liability on the policy. The part relied on was taken from the context, but when considered in the light of the subject under discussion, it is clear that it has no application to the facts in this case.

The judgment of the Appellate Court was correct and is affirmed.

*Judgment affirmed.*