HOWELL, APPELLEE, *v.* FROST ET AL., APPELLANTS.

(No. 5041—Decided October 6, 1954.)

*Messrs. Herbert, Tuttle, Applegate & Britt,* for appellee.

*Messrs. Bricker, Marburger, Evatt & Barton* and *Mr. John A. Eckler,* for appellants.

Wiseman, P. J.  This is an appeal on questions of law by The Buckeye Union Casualty Company from a judgment of the Common Pleas Court of Franklin County entered upon the verdict of the jury in the amount of $25,000, which was the amount awarded to the plaintiff as damages against Patricia R. Frost for injuries suffered when struck by an automobile operated by Patricia R. Frost.

A statement with reference to the background of this case is necessary to a full appreciation of the questions raised.

The plaintiff, John S. Howell, on September 8, 1950, instituted an action for damages against Patricia R. Frost, the driver of an automobile which struck him, and the Alexander Rent-A-Car, Inc., which had rented the automobile to Patricia R. Frost.  The whereabouts of Patricia R. Frost was unknown, and service of summons was made on the Secretary of State as provided in Section 6308-1, General Code (Section 2703.20, Revised Code).  Patricia R. Frost did not answer, did not appear at the trial, was not represented, and made no defense.  The Alexander Rent-A-Car, Inc., filed an answer, and at the trial was represented by counsel for The Buckeye Union Casualty Company, which had issued a policy of insurance to the Alexander Rent-A-Car, Inc., on the automobile involved in the accident, and which policy covered the operation of the automobile by Patricia R. Frost.

During the presentation of the plaintiff's case, it appeared that the plaintiff had no right of action against the Alexander Rent-A-Car, Inc., and upon the application of the plaintiff, it was dismissed as a defendant in the cause.

Judgment by default was then taken against Patricia R. Frost, and upon consideration of the evidence the jury returned a verdict for the plaintiff, John S. Howell, and against the defendant, Patricia R. Frost, in the amount of $25,000, after which the court entered a judgment on the verdict for that amount on February 11, 1952.

On May 13, 1952, the plaintiff filed his supplemental petition against the defendant, appellant herein, The Buckeye Union Casualty Company, as provided in Section 9510-4, General Code (Section 3929.06, Revised Code), alleging that it had obtained the judgment, and that it had remained unpaid for more than 30 days. The issues were made upon the supplemental petition, and the second amended answer filed by The Buckeye Union Casualty Company. In its first defense, the defendant-appellant admitted the judgment in favor of the plaintiff, that the judgment had remained unpaid for more than 30 days, and the issuance of the policy of insurance to the Alexander Rent-A-Car, Inc., which admissions were followed by a general denial. For its second, third and fourth defenses, it alleged that the policy of insurance contained a condition requiring the insured, as soon as practicable, to give written notice to the company when an accident occurred; that if claim is made against the insured, the insured shall immediately forward to the insurance company every demand or notice so received; and that the insured shall cooperate with the insurance company and, upon request of the company, the insured shall attend hearings and trials and shall assist in securing and

giving evidence, in obtaining the attendance of witnesses, and in the conducting of suits. The defendant alleged further that Patricia R. Frost failed to comply with the above terms of the policy of insurance, and that, therefore, it is not obligated to pay the judgment. The reply was a general denial.

The issues were tried to a jury. The evidence in support of the essential allegations in the supplemental petition was stipulated. The plaintiff called one witness, the police officer who was dispatched to the scene of the accident and who testified that he arrested Patricia R. Frost and notified the Alexander Rent-A-Car, Inc., of the accident.

The evidence in support of the several defenses interposed showed that the insurance company at no time received notice of any kind or character of the accident from Patricia R. Frost, or the Alexander Rent-A-Car, Inc.; that the first information received by the insurance company came in July 1950 approximately 20 months after the accident, when the claim investigator for the insurance company called at the office of the Alexander Rent-A-Car, Inc., and found a message instructing him to call one of the counsel for plaintiff by telephone. Upon making the call, counsel for plaintiff informed the investigator of the accident. This testimony was not contradicted. The investigator testified that he searched the records of the Alexander Rent-A-Car, Inc., and the insurance company and found no report of the accident. The investigator testified further that he immediately attempted to locate Patricia R. Frost and made numerous calls at her former places of residence. This search continued over a considerable period of time, but the insurance company was never able to locate her. The only contact made with Patricia R. Frost by any of the parties to this controversy was made by one of the counsel for

plaintiff in March 1949, approximately six months after the accident, when she came to the office of counsel for plaintiff in response to a letter sent to one of the addresses furnished. Thereafter, counsel for plaintiff were unable to locate her, and service of summons was made on her by serving the Secretary of State.

The uncontradicted evidence presented by the insurance company was to the effect that Patricia R. Frost never complied with the conditions of the policy with respect to notice of accident, notice of demand for damages, or co-operated in defense of the action; also, it was shown that the Alexander Rent-A-Car, Inc., failed to notify the insurance company of the accident. Apparently the Alexander Rent-A-Car, Inc., did extend some co-operation in the defense of the original action, which ended in its dismissal as a party defendant.

At the close of all the evidence, the insurance company moved for a directed verdict, which motion was overruled. The jury returned a verdict for $25,000, the amount of the original judgment.

The defendant-appellant, The Buckeye Union Casualty Company, claims as error the overruling of its motion for a directed verdict; error in the general charge to the jury; and that the judgment is against the manifest weight of the evidence, and is contrary to law.

The defendant-appellant contends that there were no disputed issues of fact to be submitted to the jury; that the pleadings and the evidence presented only questions of law for the court; and that judgment should be entered for the defendant.

The defendant-appellant contends further that the evidence is undisputed that Patricia R. Frost did not comply with the conditions of the policy, and cites the

well-established principle of law that when the facts are undisputed a question of law is presented for the court. *Luntz et al., Exrs.,* v. *Stern,* 135 Ohio St., 225, 20 N. E. (2d), 241; *Travelers Indemnity Co.* v. *Cochrane, Jr.,* 155 Ohio St., 305, 315, 98 N. E. (2d), 840.

The plaintiff counters by claiming that the general counsel for the insurance company testified as follows:

"Q. All right, you knew as counsel for the Buckeye Union Casualty Company that Patricia Frost had been sued, didn't you? A. Yes, sir.

"Q. Did you defend the suit? A. We did not.

"Q. You did not, after having notice of the suit, you didn't defend it, did you? A. No, we didn't.

"Q. But you did defend the Rent-A-Car, didn't you, the Alexander-Rent-A-Car? A. Yes, sir.

"Q. That is in appearing and defending your insured, the Alexander-Rent-A-Car, Inc., you came to the conclusion that the Rent-A-Car concern had cooperated, isn't that right? A. From my examination of the file, yes, sir.

"Q. Yes, and that they were entitled to defense? A. That is right, under the conditions of the policy."

Plaintiff contends that by this line of testimony, it may reasonably be inferred that the Alexander Rent-A-Car, Inc., had complied with all conditions of the policy as to notice of the accident as soon as practicable, and extended full co-operation as required by the policy; and that this evidence, together with other evidence, made an issue of fact for the jury. We do not place this interpretation upon this testimony. Apparently the Alexander Rent-A-Car, Inc., did co-operate in filing an answer and making defense. But the evidence is very clear that it did not comply with other conditions of the policy. Granted that the contention of the plaintiff is correct, there is left for de-

termination the question as to whether compliance with the terms of the policy on the pr t of Alexander Rent-A-Car, Inc., operates to relieve Patricia R. Frost from her obligation to comply with the terms of the policy. Partial compliance by Alexander Rent-A-Car, Inc., is one thing; total noncompliance by Patricia R. Frost is quite another thing. Only from Patricia R. Frost could information come which could be used by the insurance company in making a proper and effective defense. Moreover, the Alexander Rent-A-Car, Inc., is not involved in this judgment, and is not a party to the case.

The provisions of Section 9510-4, General Code (Section 3929.06, Revised Code), may be made available to a judgment creditor only after the judgment debtor has fully complied with the terms of the policy. In other words, the right of the plaintiff to proceed against the insurance company rises no higher than the right of the judgment debtor, Patricia R. Frost. If she could not enforce payment against the insurance company, by reason of her failure to comply with the conditions of the policy, the plaintiff likewise cannot enforce payment. The action of the plaintiff against the insurance company is derivative in character. The plaintiff derives his right to recover, not through Alexander Rent-A-Car, Inc., but through Patricia R. Frost, his judgment debtor. This principle of law is well established in Ohio.

In *Stacey* v. *Fidelity & Casualty Co. of New York,* 114 Ohio St., 633, 151 N. E., 718, the third paragraph of the syllabus is as follows:

"By the provisions of Section 9510-4, General Code, a judgment creditor is entitled to a direct action against the insurance company after obtaining a judgment against the assured and after the lapse of 30 days after judgment is rendered, provided that any valid

conditions in the contract of insurance pertaining to notice of the accident, or of a claim being made on account of such accident, or of suit being brought against the assured on account of casualties coming within the terms of said policy, which would be binding upon the assured are likewise binding upon such judgment creditor.''

On page 640, the court, in its opinion, said:

''It does not appear in the instant case that there was any fraud or collusion between Stacey and Troyan, but to permit a recovery in favor of the injured claimant, under circumstances where the assured would have no right to indemnity under his contract, would open the door to the unlimited exercise of fraud and collusion. * * * There are so many conceivable reasons why the same defenses should be made against the injured party as against the assured that it requires no elaborate course of reasoning to reach the conclusion that any effort to place the injured person in a favored position, contrary to the terms of the policy contract, would be in contravention of the due process clauses of the state and federal Constitutions.''

In *Luntz* v. *Stern, supra,* the third paragraph of the syllabus is as follows:

''The purpose of the provisions of Sections 9510-3 and 9510-4, General Code, is to afford an injured person direct and prompt benefit of the provisions of the indemnity policy of the assured. He succeeds to only the rights of the assured and cannot recover in an action on the policy against the indemnity company if there has been such a breach of the contract by the assured as would prevent recovery by him.''

In *Conold* v. *Stern,* 138 Ohio St., 352, 35 N. E. (2d), 133, 137 A. L. R., 1003, the first paragraph of the syllabus is as follows:

"An insured's failure to comply with a co-operation clause in an indemnity insurance policy constitutes a good defense to his insurer as against a person seeking to recover from the insurer under and by virtue of Sections 9510-3 and 9510-4, General Code, the amount of a judgment against the insured for personal injuries. (*Luntz et al., Exrs.,* v. *Stern,* 135 Ohio St., 225, approved and followed.)"

On page 359, the court, in its opinion, said:

"The authorities are in practical unanimity on this subject. A clause in an insurance policy requiring the insured's co-operation, aid and assistance in a defense of an action against him is a material condition of the policy, the violation of which by the insured forfeits his rights to claim indemnity under the policy. It is a condition precedent, failure to perform which, in the absence of waiver or estoppel, constitutes a defense to liability on the policy. *Stacey* v. *Fidelity & Casualty Co. of New York, supra*; *Royal Indemnity Co.* v. *Morris,* 37 F. (2d), 90, certiorari denied, *Morris* v. *Royal Indemnity Co.,* 281 U. S., 748, 74 L. Ed., 1160, 50 S. Ct., 353; *Bachhuber* v. *Boosalis,* 200 Wis., 574, 229 N. W., 117; *Metropolitan Casualty Ins. Co.* v. *Blue,* 219 Ala., 37, 121 So., 25; *Guerin* v. *Indemnity Ins. Co. of North America,* 107 Conn., 649, 142 A., 268; *Coleman* v. *New Amsterdam Casualty Co.,* 247 N. Y., 271, 160 N. E., 367, 72 A. L. R., 1443.

"And the insured's failure to comply with the co-operation clause in his indemnity insurance policy constitutes a good defense to his insurer as against a person injured by the fault of the insured, seeking, under and by virtue of the statutes in question, to recover against the insurer for his injury. *Stacey* v. *Fidelity & Casualty Co. of New York, supra*; *Luntz et al., Exrs.,* v. *Stern,* 135 Ohio St., 225, 20 N. E. (2d), 241; *Bachhuber* v. *Boosalis, supra*; *Metropolitan Casualty Ins. Co.* v. *Blue, supra*; *Coleman* v. *New Amster-*

*dam Casualty Co., supra; Lorando* v. *Gethro,* 228 Mass., 181, 117 N. E., 185, 1 A. L. R., 1374; *Seltzer* v. *Indemnity Ins. Co. of North America,* 252 N. Y., 330, 169 N. E., 403.''

Again, on page 365, the court said:

''Third parties may not alter its terms or make it more beneficial to them than it is to the insured for whose protection it was issued. The rights of injured persons under and by reason of any such policy are limited by and dependent upon the terms and conditions of the contract, and the right of the plaintiff in this case must be dependent upon the right of Stern to enforce his contract. *The right of a judgment creditor of the insured against the insurer, if any, is a derivative right implied in law by way of subrogation to the rights of the insured against the insurer. Hence, the right of a judgment creditor against the insurer can rise no higher than the rights of the insured judgment debtor against such insurer.*'' (Emphasis ours.)

See, also, *Zitnik, Admx.,* v. *Burik,* 395 Ill., 182, 69 N. E. (2d), 888, where the facts bear some similarity to the facts in the instant case, and where the right of the injured party to recover against the insurance company was denied. For annotations on the subject see 139 A. L. R., 771; 98 A. L. R., 1465; and 72 A. L. R., 1446.

The plaintiff contends that if some person other than Patricia R. Frost furnished the information to the insurance company, as required by the policy, plaintiff's right to enforce payment under Section 9510-4, General Code, cannot be challenged, and cites *Hartford Accident & Indemnity Co.* v. *Randall,* 125 Ohio St., 581, 183 N. E., 433. That case has no application here, where there is no evidence that compliance with the conditions of the policy had been made by any person on behalf of Patricia R. Frost.

The plaintiff very properly contends that the failure to comply with the conditions of the policy constitutes an affirmative defense and the burden is on the insurance company to prove such failure. *Ermakora* v. *Daillakis,* 90 Ohio App., 453, 107 N. E. (2d), 392. In our opinion the insurance company sustained the burden of proof by uncontradicted evidence to the effect that Patricia R. Frost failed to comply with any of the conditions of the policy. The case of *Scott* v. *Inter-Insurance Exchange of Chicago Motor Club,* 352 Ill., 572, 186 N. E., 176, is not in point.

On the question as to whether Patricia R. Frost co-operated with the insurance company as required by the terms of the policy, plaintiff cites the case of *Ermakora* v. *Daillakis, supra,* where the court, on page 467, said:

"If mere failure to appear constituted proof of non-co-operation, it would be within the power of the insurance company and the assured, by acting in concert, to defeat any litigant. Here it should be stressed that there was no evidence that the assured had actual notice of the suit."

This statement must be considered in light of the record in that case. In that case the only witness for plaintiff was his attorney. Upon the termination of the cross-examination of this witness, plaintiff rested. The insurance company having thereupon moved for judgment in its favor, the court overruled the motion, and defendant rested without calling any witnesses in its own behalf. The court, on page 463, said that the only question for decision was whether the defense of lack of co-operation by the assured set out in the insurance company's answer is an affirmative defense to be established by defendant, or whether, under the pleadings, this defense becomes an essential element of plaintiff's case to be proved by the plaintiff. The

court held that the defense of non-co-operation was an affirmative defense and the burden of proof was on the insurance company. The insurance company having introduced no evidence, the court concluded that it failed in its defense. In the case at bar the insurance company submitted evidence that it used due diligence in an effort to locate Patricia R. Frost, and that she failed to comply with any of the conditions of the policy. This evidence was uncontradicted. In our opinion the principle of law stated in the cited case has no application to the issues and evidence presented in this case.

On the question as to whether knowledge or lack of knowledge on the part of Patricia R. Frost of the indemnity benefits accruing to her under the insurance policy affected her obligation to comply with the conditions of the policy, counsel discuss the case of *Zitnik* v. *Burik, supra*. In that case, Muthart was driving a car owned by Burik, on which he carried insurance. Muthart had an accident, and a criminal charge was filed against him. In view of the criminal prosecution, he refused to make a statement to the insurance adjuster. In the action for damages, Muthart had his own attorney and the insurance company defended the named insured, Burik. Judgment was obtained against the driver, Muthart, and later proceedings were instituted against the insurance company. The insurance company claimed that the failure of Muthart to co-operate was a complete defense. The trial court found for the plaintiff. On appeal the judgment was reversed by the Court of Appeals on the ground that Muthart had failed to co-operate.

The Supreme Court of Illinois affirmed the judgment of the Court of Appeals, and in the opinion, on page 187, said:

"Plaintiff's contention that Muthart was under no

obligation to co-operate until defendant disclosed the fact to him that he was an insured under the policy cannot be sustained. Even though the requirement for Muthart's co-operation was dependent on his knowledge of the benefits afforded him by the policy, plaintiff's contention could not be adopted for the reason that there is no evidence that Muthart did not have knowledge of such fact. It is true the evidence shows defendant did not apprise him of the benefits he might derive under the insurance policy but there is no evidence that he did not acquire the information from another source. Burik testified to a conversation he had with Muthart two or three weeks after the accident in which he told Muthart to go to the insurance company and give a statement and that Muthart said he would. Plaintiff says that it may be assumed that Muthart did not know of the beneficial provisions of the policy but there is nothing upon which such an assumption may be based. *Whether defendant was required to give Muthart notice of the protection afforded him by the policy before there was any duty resting upon him to co-operate is beside the question, for the requirement of co-operation from an insured was not conditioned on such action.''* (Emphasis ours.)

So in this case, we cannot assume that Patricia R. Frost had no knowledge of the benefits afforded her by the policy. There is no evidence that she did not have knowledge of such fact. She might have acquired the information from several sources. There is undisputed evidence that in response to a letter sent her by counsel for plaintiff, she called at his office and conferred with him in regard to the claim and the impending litigation. There is undisputed evidence that a registered letter was sent to her by the insurance company at one of the addresses given and, according to the return receipt, was received by another person for

her. This letter was dated September 21, 1950, and, among other things, stated that suit had been instituted against her and others; that the company carried insurance on the car which she was driving at the time of the accident; that she was insured under the policy; and that in the event she failed to get in touch with the company, it would disclaim any liability to her under the policy.

Returning to the legal proposition involved, as was stated by the court in the case of *Zitnik* v. *Burik*, the requirement of co-operation, and the requirement as to compliance with other conditions of the policy on the part of Patricia R. Frost were not conditioned on notice given to her of the protection afforded her by the policy. In *Campbell* v. *Continental Casualty Co. of Chicago* (C. C. A., 8, 1948), 170 F. (2d), 669, 6 A. L. R. (2d), 655, the court, on page 673, said:

"The insured has argued also that his failure to forward the summons and copy of petition should be excused because of his ignorance of the policy requirements. * * * And in any event, ignorance is not ordinarily an excuse for an insured's failure to comply with a fundamental requirement of a policy of liability insurance, at least where the insurer has been materially prejudiced by the failure."

In our opinion, there was no controlling issue of fact to be submitted to the jury. The defendant's motion for directed verdict should have been sustained.

Defendant-appellant claims prejudicial error appears in the charge to the jury. We discuss only that part of the charge which we consider erroneous. On page 62 of the record, there appears this instruction:

"The insurer, which is the casualty company in this case, may waive its right or estop itself to set up the assured's breach of co-operation clause, as a ground of defense, when sued upon the policy. Such waiver or

estoppel may be accomplished by the assumption of, or continuation in, the defense of an action brought against the insured, and the injured person in an action against the insured, in this case, Mr. Howell, the plaintiff being the injured person, and the insured being the Alexander company, the injured person is entitled to the benefit of a waiver of the right, or an estoppel, on the part of the insurer to set up as against the insured the latter's alleged breach of cooperation clause; in other words, that which operates as a waiver or estoppel in favor of the insured, supposing an action upon the policy had been brought by him, also operates as a waiver or estoppel in favor of the injured person.''

This instruction must be considered in conjunction with a further instruction which begins on page 64, as follows:

''It is said that no compliance was made, that they received no notice, but the evidence in the case is that the casualty company's counsel represented the Alexander Rent-A-Car Company in this action, and I instruct you as a matter of law that if the casualty company comes into a lawsuit and takes charge of the lawsuit that constitutes a waiver of the conditions that they might otherwise have regarding notice and cooperation in the case.''

The court identified the ''insured'' as the Alexander Rent-A-Car, Inc., and stated that a waiver by the insurance company of compliance with the conditions in the policy by the Alexander Rent-A-Car, Inc., would operate as a waiver in favor of the injured person, the plaintiff in this case. The court instructed the jury that a waiver would operate by showing that the insurance company defended the action brought against the insured, which was identified as the Alexander Rent-A-Car, Inc. The effect of this charge was to give the

benefit of any waiver which operated between the insurance company and the Alexander Rent-A-Car, Inc., to Patricia R. Frost and her judgment creditor, the plaintiff in this case.

As heretofore stated, the plaintiff's action against the insurance company is derivative in character, and he derives his right of action against the insurance company by virtue of the rights accruing to Patricia R. Frost under the policy, and not by virtue of any rights accruing to the Alexander Rent-A-Car, Inc. The first instruction quoted might be applicable only where the plaintiff derived his right of action against the insurance company by virtue of the rights of the Alexander Rent-A-Car, Inc. This instruction has no application to the facts in this case, is misleading, and taken in conjunction with the second quoted instruction is prejudicial and constitutes reversible error. The defense of Alexander Rent-A-Car, Inc., did not, as a matter of law, constitute a waiver of compliance with the conditions of the policy by Patricia R. Frost.

A similar factual situation developed in the case of *Zitnik* v. *Burik, supra,* where the issue was resolved in favor of the insurance company. In that case, the insurance company defended the named insured, Burik. When Burik was dismissed from the case, the insurance company withdrew from the case. The insurance company did not defend Muthart, the driver, and judgment was rendered against him. The defense of the insured did not operate as a waiver of compliance with the conditions of the policy by the driver. In *Rohlf* v. *Great American Mutual Indemnity Co.,* 27 Ohio App., 208, 161 N. E., 232, the insured gave the insurance company notice of the accident and a statement from which the company prepared a defense. At the time of trial, the insured failed to appear and counsel for the insurance company proceeded with the trial. Plain-

tiff secured judgment and, subsequently, in an action against the insurance company, the failure of the insured to co-operate was pleaded as a defense. In the opinion, the court, on page 210, said:

"The plaintiff in his reply avers that the company appeared in open court and defended the action and offered evidence in defense upon the matters set forth in the answer in that case, and filed in that case the answer of A. C. Chapman, and is thereby estopped from asserting any of the claims made in its answer in this case."

The court then reviewed the efforts on the part of the company to locate the insured, and on page 215 the court concluded:

"We find nothing in the case showing a waiver or estoppel to make this defense.

"Certainly the liability assumed by the company is limited by the terms of its policy, and Rohlf can have no greater right than Chapman himself had. The case must be determined against the plaintiff, because the assured is clearly shown to have violated the provisions of the policy requiring him to co-operate and assist in the defense."

In that case, there was a partial failure to comply, and the insurance company defended the insured; in the instant case, there is a total failure to comply by Frost, and the insurance company did not defend her in the original action.

In *Hutt* v. *Travelers' Ins. Co.* (N. J. Law), 164 A., 12, the court held:

"That liability insurer's attorneys, defending action against insured, proceeded with trial after receiving insured's telegram stating inability to get to city that day, did not bar insurer from invoking co-operation clause when sued by injured persons."

To hold that the fact that the insurance company de-

fended the named insured, Alexander Rent-A-Car, Inc., operated as a waiver of compliance by the driver of the car, Patricia R. Frost, does violence to the principle of the right of separate representation and a separate defense. The liability of the driver is separate from that of the named insured, and the plaintiff's action, being derivative in character, and being based on the right which Patricia R. Frost could assert against the insurance company, such insurance company has a right to assert any defense against the plaintiff which it could assert against Patricia R. Frost.

Counsel for the defendant point out other instructions in the charge which they claim to be erroneous. We do not deem it necessary to discuss other parts of the charge.

We find the judgment to be against the manifest weight of the evidence, and contrary to law.

Finding error in the record prejudicial to the rights of the defendant-appellant, the judgment is reversed, and this court, rendering the judgment which the trial court should have rendered, enters judgment for defendant.

*Judgment reversed.*

MILLER and HORNBECK, JJ., concur.