AMERICAN BANKERS INS. CO. OF FLORIDA, APPELLEE, *v.* BOOP, ADMX., ET AL., APPELLEES, ET AL., APPELLANTS.

[Cite as American Bankers Ins. Co. of Florida v. Boop, 4 Ohio App. 2d 392.]

(No. 1295—Decided December 22, 1965.)

*Messrs. Robenalt, Daley, Balyeat & Balyeat,* for plaintiff-appellee.

*Mr. Anthony J. Bowers,* for defendant-appellee, Mary F. Boop, Administratrix.

*Messrs. Cable & Cable,* for defendant-appellee, National Fire Insurance Company.

*Messrs. Cory, Boesel, Leonard & Cory,* for defendants-appellants.

GUERNSEY, J.  This is an appeal on questions of law from a judgment of the Lima Municipal Court, rendered pursuant to a supplemental petition filed under the provisions of Section 3929.06, Revised Code, in favor of the plaintiff, American Bankers Insurance Company, hereinafter called American, the insurer of one Donald Gaines and his Edsel car under a $25 deductible collision policy, and against The Home Insurance Company and The Home Indemnity Company, hereinafter called Home, the insurers of one Harold Boop and his Oldsmobile car under a $100 deductible collision policy.

The issue before the trial court was whether American, as subrogee of Gaines, having recovered a judgment against Boop for the $1,245 paid by American to Gaines for collision damage to Gaines' Edsel, when driven by Boop with Gaines' permission while Boop's Oldsmobile was broken down, which judgment was unpaid by Boop, may by supplementary petition under Section 3929.06, Revised Code, recover such judgment against Home by virtue of the collision policy which Home had issued to Boop.

We exclude from our consideration any rights which Gaines, or his subrogee American, might have had against the defendant National Union Fire Insurance Company under the provisions of a liability policy issued to Boop, for the trial court determined that no cause of action existed against National and dismissed the ''cause of action'' as to National.  Plaintiff has not perfected an appeal or assigned any errors as to that judgment. Nor do we consider the liability of Boop to Gaines, and thus to American, for the amount of the damages to Gaines' Edsel which was established by the judgment upon which the supplemental petition is based, for the parties have not contested such judgment or liability.  It further appears conceded by all the parties that the following condition in American's policy precluded Boop from receiving any benefits thereunder as a consequence of driving Gaines' car:

''7. No benefit to Bailee: *The insurance afforded by this policy shall not enure directly or indirectly to the benefit of any carrier or bailee liable for loss to the automobile.*'' (Emphasis added.)

The pertinent provisions of Home's policy are as follows, with emphasis added:

Under Part I—Liability:

" 'owned automobile' means a private passenger * * * automobile * * * *owned by the named insured, and includes a temporary substitute automobile*;

" 'temporary substitute automobile' means any automobile * * * *while temporarily used as a substitute for the owned automobile * * * when withdrawn from normal use because of its breakdown, * * *.*"

Under Part III—Physical Damage:

"Coverage E—Collision: *To pay for loss caused by collision* to the *owned automobile or to a nonowned automobile* but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto."

"Definitions. *The definitions of * * * 'owned automobile,' 'temporary substitute automobile,' * * * in Part I apply to Part III,* and under Part III: * * *

" 'nonowned automobile' means a private passenger automobile * * * not owned by the named insured * * *, other than a temporary substitute automobile, while said automobile * * * is in the possession or custody of the insured or is being operated by him; * * *."

"*Other Insurance*: If the insured has other insurance against a loss covered by Part III of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, *the insurance with respect to a temporary substitute automobile or nonowned automobile shall be excess insurance over any other valid and collectible insurance.*"

The trial court concluded, in its opinion, that under the definitions in the Home policy Gaines' car was a "temporary substitute automobile" which, by definition, became an "owned automobile" covered by the collision provisions of the policy, which coverage "would have been available to Gaines" and was the only coverage available to American, as the subrogee of Gaines, and that there was, therefore, no "other" or "excess" insurance. Judgment was entered in the amount of $1,170,

being the total loss of $1,270 less the $100 deductible, and Home now assigns as error that the judgment is contrary to law.

It is basic to the issue before us that, as subrogee of Gaines, American's right of recovery is limited by and may rise no higher than Gaines' right of recovery. Gaines had collision coverage under his American policy and actually recovered $1,245 from American. Boop had collision coverage under his Home policy and, in appropriate circumstances, could have recovered from Home for collision damage to his Oldsmobile as an "owned automobile." Except for the application of the "Other Insurance" clause of the Home policy it is also clear that Boop would also have a right to recover from Home for any collision damage incurred to an automobile such as Gaines' Edsel used by Boop as a "temporary substitute automobile." The risks covered by both the American and Home policies were *collision* risks and there was no provision in the Home policy covering any *liability* risk, such as Boop's liability, if any, to Gaines, the owner of the "temporary substitute automobile," arising from Boop's use of the automobile. Gaines was thus not a party insured under the specific terms of the Home policy.

Gaines' rights do not arise as a specifically insured party under the Home contract but, if they exist at all, exist as statutory rights under the provisions of Section 3929.06, Revised Code. Under that statute Gaines is a statutory subrogee to Boop's rights under the Home policy, as operator of the damaged automobile, and cannot rise above Boop's rights against Home. *Hartford Accident & Indemnity Co.* v. *Randall*, 125 Ohio St. 581; *Howell* v. *Frost*, 98 Ohio App. 127; and *Bennett* v. *Swift & Co.*, 170 Ohio St. 168.

What then are Boop's rights against Home, as limited by the other insurance clause hereinbefore quoted? Boop, who was the only "insured," as the term is used in the first portion of that clause, had no other insurance against the collision loss to Gaines' car because no other collision policy was issued to Boop and he was excluded from coverage under Gaines' policy by the operation of the bailee clause. The pro-rata coverage portion of the other insurance clause in the Home policy was not therefore applicable. However, with respect to Gaines' Edsel, the temporary substitute automobile operated by Boop, there was "other valid and collectible insurance" covering the collision

loss, specifically, the collision insurance issued by plaintiff, American, to Gaines, and upon which Gaines had collected. Such being the case, under the latter part of the other insurance clause in the Home policy, the Home insurance was excess insurance over the American insurance, and Boop could have collected from Home only that part of the loss, within the limits of the Home policy, as was in excess to that part of the loss covered by the American policy. The total loss being $1,270, by applying the $100 deductible the Home policy covered only $1,170, and by applying the $25 deductible the American policy covered $1,245. The $1,170 not being in excess of $1,245, Boop could have recovered nothing from Home under the Home policy, nor could his subrogee Gaines, nor could Gaines' subrogee American. Though not in point, our conclusions here are consistent with those of the Supreme Court in *Motorists Mutual Ins. Co.* v. *Lumbermens Mutual Ins. Co.*, 1 Ohio St. 2d 105.

For the prejudicial error of the Municipal Court in determining that the Home policy provided primary coverage on the loss here involved, the judgment of that court is reversed and vacated and this court, entering the judgment which the Municipal Court should have entered, finds for the defendant Home and dismisses the supplemental petition at the costs of the plaintiff.

*Judgment reversed.*

YOUNGER, P. J., concurs.
HOVER, J., dissents.

HOVER, J., of the First Appellate District, sitting by designation in the Third Appellate District.