LINDA LEE GORENZ, Plaintiff-Appellant, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 82—654

Opinion filed March 31, 1983.

Jack Ring, Ltd., of Chicago (Jack Ring and Richard L. Wattling, of counsel), for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (J. Robert Geiman and David R. Schmidt, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff filed an action to recover an accidental death benefit provided under a life insurance policy which her husband had with defendant. The controlling question under the pertinent policy provision is whether, at the time of his accidental death, "the insured was a passenger in or upon a public conveyance operated by a common carrier for passenger service." The trial court entered summary judgment on behalf of the insurer, and plaintiff appeals, contending that the trial court misconstrued this policy provision.

We affirm. The following undisputed facts are material to our decision.

Richard Gorenz was struck and killed by a westbound Burlington Northern Railroad train on January 26, 1978, at the railroad's Lisle, Illinois, station, as he walked across the carrier's tracks while on his way to board an eastbound Burlington Northern train. It is undisputed that Richard's death was accidental, and his life insurance policy provided for a $10,000 accidental death benefit if "the accident injury was sustained while the insured was a passenger in or upon public conveyance operated by a common carrier for passenger service."

On cross-motions for summary judgment, the circuit court held that even if Richard was considered a passenger of the railroad at the time of his death, he was not "a passenger in or upon a public conveyance."

We agree.

"It is fundamental that where the terms of an insurance policy are clear and unambiguous the court must give effect to the intent of the parties to the contract in accordance with the clear expression of agreement." (*McCann v. Continental Casualty Co.* (1956), 8 Ill. 2d 476, 482. Accord, *Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365, 371; *Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367, 370-71.) "Again, contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous their terms are to be taken and understood in their plain, ordinary, and popular sense." *Moscov v. Mutual Life Insurance Co.* (1944), 387 Ill. 378, 383. Accord, *Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 378; *Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 170-71; *Canadian Radium & Uranium Corp. v. Indemnity Insurance Co. of North America* (1952), 411 Ill. 325, 332.

"The parties to an insurance contract may incorporate in it such provisions, not in violation of law, as they choose; and it is the duty of the courts to construe and enforce the contract as made. Manifestly, courts have neither the right nor the power to make a new contract for the parties." *Moscov v. Mutual Insurance Co.* (1944), 387 Ill. 378, 383. Accord, *Zitnik v. Burik* (1946), 395 Ill. 182, 187; *Coons v. Home Life Insurance Co.* (1938), 368 Ill. 231, 238.

Giving effect to the plain, ordinary, and unambiguous language of the disputed policy provision, Richard Gorenz was not "in or upon a public conveyance" when he was run over by a train. To hold otherwise would require us to rewrite the policy and disregard the unambiguous provision that the disputed death benefit would not apply unless the insured was "in or upon a public conveyance" when he was injured. (See, *e.g., Quinn v. New York Life Insurance Co.* (1923), 224 Mich. 641, 195 N.W. 427; *Ludwig v. Massachusetts Mutual Life Insurance Co.* (7th Cir. 1975), 524 F.2d 376 (applying Michigan law).) We lack authority to disregard this unambiguous policy provision, and the judgment of the circuit court is accordingly affirmed.

Affirmed.

SULLIVAN and MEJDA, JJ., concur.