DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Allstate Insurance Co., appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On August 16, 2003, Appellee, Tammy Harless, was involved in an automobile accident with Gordon Sprague. Sprague was driving Catherine Jones' *Page 2 
vehicle at the time of the accident. Around the time of the accident, Sprague was occasionally residing with Ms. Jones. Ms. Jones was insured by Appellant.
 {¶ 3} Appellant acknowledged this claim on September 8, 2003. In an October 30, 2003 letter to Appellee's counsel, Appellant acknowledged that it paid $673.73 for Appellee's property damages sustained in the accident. In a November 12, 2003 letter, Appellant advised Appellee's counsel that it had "accepted liability" of its insured for this accident.
 {¶ 4} On August 10, 2005, Appellee filed a complaint against Sprague alleging that she suffered injuries as a result of the automobile accident. Appellee attempted to serve her complaint on Sprague via certified mail. Summons was returned unclaimed. On September 21, 2005, summons was reissued to Sprague at the same address via regular mail. The complaint was claimed by Sprague on September 22, 2005. On October 25, 2005, Appellee filed a motion for default judgment. The trial court granted Appellee's motion on October 31, 2005, finding that Sprague had failed to appear or otherwise defend. The trial court scheduled a hearing on damages for November 17, 2005. At the hearing, judgment was awarded in favor of Appellee and against Sprague in the amount of $12,266.00.
 {¶ 5} On January 27, 2006, Appellant sent a reservation of rights letter to Sprague. As a result of Appellant's failure to pay the judgment, Appellee filed a supplemental complaint against Appellant under R.C. 3929.06 on February 3, 2006, asserting that she was entitled to recover under the policy of insurance *Page 3 
issued by Appellant to Ms. Jones. On March 2, 2006, Sprague filed a motion to vacate default judgment pursuant to Civ.R. 60. On March 14, 2006, the trial court denied the motion to vacate. On March 27, 2006, Appellant filed its answer to the supplemental complaint. Appellant filed its amended answer to Appellee's supplemental complaint on April 18, 2006. In its amended answer, Appellant denied that it insured Sprague and denied that it was ever put on notice of the suit filed against it. Appellant also asserted affirmative defenses including the defense that Sprague failed to comply with the terms and conditions of the policy causing it to suffer material prejudice.
 {¶ 6} On April 10, 2006, Sprague filed a notice of appeal from the trial court's order denying the motion to vacate. Upon review, this Court affirmed the trial court's order.
 {¶ 7} On September 21, 2006, Appellee filed a motion for summary judgment. On October 24, 2006, Appellant also filed a motion for extension of time to obtain an affidavit from Ms. Jones to support its response to Appellee's motion for summary judgment. On October 31, 2006, Appellant filed a response to Appellee's motion for summary judgment and a cross-motion for summary judgment. Appellant attached the unsworn, unsigned transcript of a recorded statement of Ms. Jones. The trial court denied Appellant's motion for an extension of time to file Ms. Jones' affidavit on November 1, 2006. In its November 1, 2006 judgment entry, the trial court pointed out that Appellee's *Page 4 
counsel had already submitted an affidavit of Ms. Jones. On November 6, 2006, Appellee filed a reply brief. Attached to Appellee's reply was an affidavit signed by Ms. Jones. On November 9, 2006, Appellant also filed an affidavit from Ms. Jones alleging that Sprague did not have permission to drive her vehicle. On December 13, 2006, the trial court granted Appellee's motion for summary judgment and denied Appellant's motion for summary judgment. Appellant timely appealed from this order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND IN DENYING THE MOTION FOR SUMMARY JUDGMENT OF SUPPLEMENTAL 
APPELLANT."
 {¶ 8} In its sole assignment of error, Appellant contends that the trial court erred in granting Appellee's motion for summary judgment and in denying Appellant's summary judgment motion. We disagree.
 {¶ 9} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. *Page 5 
 {¶ 10} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 12} Appellee's complaint was brought pursuant to R.C. 3929.06, which provides, in part:
 "(A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or *Page 6 
the plaintiffs successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.
 "(2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.
 "(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.
 "(C)(1) In a civil action that a judgment creditor commences in accordance with divisions (A)(2) and (B) of this section against an insurer that issued a particular policy of liability insurance, the insurer has and may assert as an affirmative defense against the judgment creditor any coverage defenses that the insurer possesses and could assert against the holder of the policy in a declaratory judgment action or proceeding under Chapter 2721 of the Revised Code between the holder and the insurer."
 {¶ 13} On appeal, Appellant attacks the trial court's judgment on three grounds. First, Appellant contends that the trial court erred in finding that Appellant waived Sprague's status as an insured. Appellant next contends that the trial court erred in finding that it waived its non-cooperation clause. Finally, Appellant alleges that the trial court erred in failing to find that it received *Page 7 
inadequate notice of the lawsuit against Sprague so as to bar the supplemental complaint. We will address each of these contentions separately.
 {¶ 14} Appellant first asserts that the trial court erred in finding that it waived its defense that Sprague was not an insured under its policy of insurance. Appellant contends that Sprague was not an insured because he did not have Ms. Jones' permission to operate her vehicle on the day of the accident. In support of this contention, Appellant solely relies on Ms. Jones' affidavit, which it filed on November 9, 2006, after the deadline for filing its response to Appellee's motion for summary judgment.
 {¶ 15} First and foremost, the record reflects that the trial court denied Appellant's motion for an extension of time to file Ms. Jones' affidavit. Despite the trial court's ruling, Appellant filed Ms. Jones' affidavit. The trial court did not consider this affidavit as it was not properly before the court. As Appellant has cited no other support for his contention that Sprague was not an insured because he lacked permission to drive the vehicle, we need not further address this contention.
 {¶ 16} We find no merit in Appellant's contention that it did not voluntarily relinquish its argument that Sprague was not an insured. Appellant's insurance policy states, in pertinent part:
 "We will defend an insured person sued as a result of a covered accident involving an insured auto. We will choose the counsel. We may settle any claim or suit if we believe that it is proper. We will not defend an insured person sued for damages arising out of a *Page 8 
bodily injury or property damage which are not covered by this policy." [Emphasis omitted.]
 {¶ 17} `[W]aiver of a contract provision may be express or implied.'"Lewis Michael Moving and Storage, Inc. v. Stofcheck Ambulance Serv.,Inc., 10th Dist. No. 05AP-662, 2006-Ohio-3810, at ¶ 29, quotingNatl. City Bank v. Rini, 162 Ohio App.3d 662, 2005-Ohio-4041, at ¶ 24. `[W]aiver by estoppel' exists when the acts and conduct of a party are inconsistent with an intent to claim a right, and have been such as to mislead the other party to his prejudice and thereby estop the party having the right from insisting upon it.'" (Emphasis omitted.) Id. Under the waiver by estoppel doctrine, a party's inconsistent conduct, rather than a party's intent, establishes a waiver of rights. Id.
 {¶ 18} The record before us reflects that Appellant's assertions on appeal are completely inconsistent with its previous representation of Sprague and evidences Appellant's waiver of its argument that Sprague is not an insured. Id. In a November 12, 2003 letter from Carla Cornecelli addressed to Thomas Magelaner, Appellee's counsel, Ms. Cornecelli stated "[w]e have accepted liability, so that is not an issue at all." In addition, Appellant paid for Appellee's property damages. Moreover, Appellant represented Sprague through both the trial court and appellate proceedings.
 {¶ 19} Approximately a month after Appellee filed her supplemental complaint against Appellant, Appellant filed a motion to vacate default judgment entered against Sprague on Sprague's behalf. In the motion to vacate, Appellant *Page 9 
repeatedly referred to itself as "[Sprague's] insurance company." The record further reflects that Appellant filed a notice of appeal on Sprague's behalf On appeal, Appellant argued, on Sprague's behalf, that the trial court improperly denied Sprague's motion to vacate default judgment.
 {¶ 20} After this Court affirmed the trial court's denial of Sprague's motion for default judgment, Appellee filed a summary judgment motion against Appellant. Appellee argued that Sprague was an insured under Appellant's policy and that Appellant was, therefore, required to pay the judgment rendered against Sprague. In its response, Appellant argued, in sharp contrast to its previous arguments, that Sprague wasnot an insured under the policy issued to Ms. Jones.
 {¶ 21} Appellant contends that it could not have waived its argument that Sprague was not an insured because it did not know, prior to the filing of the supplemental complaint, that Sprague did not have permission to operate the vehicle. However, the record reflects that the supplemental complaint was filed on February 3, 2006. The record reflects that Appellant continued to represent Sprague after it received Appellee's complaint, filing a motion to vacate default judgment on March 2, 2006, a notice of appeal from the trial court's order on April 10, 2006 and representing Sprague on appeal. The record reflects that Appellant undertook a complete defense of Sprague through 2006.
 {¶ 22} Appellant cites Cincinnati Ins. Co. v. Thomas, 12th Dist. No. 2005-12-518, 2006-Ohio-6540, for the proposition that waiver and estoppel cannot *Page 10 
generally "be invoked to create coverage under an insurance policy where coverage otherwise does not exist." Id. at ¶ 15, citing Hybud Equip.Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 668. However, the Ohio Supreme Court has held that waiver or estoppel can serve to compel an insurer to pay a judgment where the insurer defended without reservations or notice of claim of reservations.Socony-Vacuum Oil Co. v. Continental Cas. Co. (1945), 144 Ohio St. 382,392.
 {¶ 23} Here, Appellant did not make a reservation or provide notice of its claim of reservations until January 27, 2006. The record reflects that Appellant had accepted liability on behalf of Sprague in 2003. Appellee clearly incurred legal fees as a result of Appellant's representation of Sprague. Furthermore, the resolution of claims against Sprague was ultimately delayed by Appellant's representation of Sprague. Consequently, Appellee was prejudiced by Appellant's conduct in representing Sprague.
 {¶ 24} Appellant's actions in admitting Sprague was covered under Ms. Jones' policy, paying Appellee's property damages and admitting Sprague was liable for the accident as early as October 2003, and thereafter filing pleadings and an appeal on Sprague's behalf were clearly inconsistent with an intent to claim that Sprague was not covered by Ms. Jones' policy. Under the unique facts of this case, we find that Appellant waived its defense that Sprague was not an insured under its policy. *Page 11 
 {¶ 25} Appellant next asserts that if Sprague is found to be an insured under Ms. Jones' policy, it is not required to pay the judgment against him because he did not cooperate with Appellant as required under its cooperation clause. The cooperation clause provides, in pertinent part:
 "An insured person must cooperate with us in the investigation, settlement and defense of any claim or lawsuit. If we ask, that person must also help us obtain payment from anyone who may be jointly responsible." (Emphasis omitted.)
 {¶ 26} "Frequently, insurers, to protect themselves from false claims, include clauses in their policies that require the insured to cooperate in the investigation of a claim." Erie Ins. Co. v. Maxwell, et al.
(Sept. 29, 1999), 9th Dist. No. 98CA0011, at *5, citing Gabor v. StateFarm Mut. Auto. Ins. Co. (1990), 66 Ohio App.3d 141, 143. "When cooperation of the insured is a condition of the insurance policy," absent waiver or estoppel, "the insurer may be relieved of further obligation with respect to a claim if the insured fails to cooperate." Id.; Costa v. Cox (Mar. 5, 1958), 171 N.E.2d 529, 535. In order to avoid liability to the injured party, the insured must establish that the failure to cooperate prejudiced the rights of the insurer and the failure of cooperation was material and substantial. State Farm Mut.Auto. Ins. Co. v. Holcomb (1983), 9 Ohio App.3d 79, 81. Failure to comply with the conditions of the policy is an affirmative defense.Sword v. Slaughter (July 21, 1992), 10th Dist. No. 92AP-69, at *2, citing Howell v. Frost (1954), 98 Ohio App. 127. Accordingly, the insurance company bears the burden to establish lack of cooperation as a defense. Id. The Ohio Supreme Court has *Page 12 
held that, difficulty locating an insured, taken alone, does not per se constitute a lack of cooperation. Costa v. Cox (1958), 168 Ohio St. 379, at paragraph three of the syllabus.
 {¶ 27} Upon review, we find that Appellant also waived its defense of failure to cooperate. The record reflects that Appellant admitted liability in 2003, paid Appellee's property damages in 2003 and filed pleadings on behalf of Sprague. In addition, Appellant did not assert a reservation of rights until January 27, 2006. Appellee was forced to respond to the pleadings Appellant filed on behalf of Sprague and defend the appeal. We find that Appellant has acted inconsistently with an intent to claim Sprague's lack of cooperation as a defense. Lewis Michael Moving and Storage, Inc., supra, at ¶ 29. Moreover, Appellant's conduct has misled Appellee to her detriment as she incurred expenses in prosecuting her action against Sprague and in defending the appeal. Consequently, we find that the trial court correctly held that Appellant waived this defense and is therefore estopped from asserting it.
 {¶ 28} In light of its findings that Sprague was insured under the policy issued by Appellant to Ms. Jones and that Appellant waived its ability to assert affirmative defenses, the trial court deemed it unnecessary to address Appellant's contention that it did not receive adequate notice. We agree. However, we find that Appellant received adequate notice of the lawsuit. The record reflects that Appellee sent Appellant a courtesy copy of the complaint on August 8, 2005. The *Page 13 
cover letter accompanying the complaint was addressed to Todd Leslie of Allstate Insurance, the original adjustor assigned to the file. Appellant attempted to establish that it did not receive adequate notice of the complaint filed against Sprague by filing the affidavit of Carla Cornecelli. However, Ms. Cornecelli was not the addressee of the letter. Appellant has not set forth any other evidence to support its contention that it did not receive the copy of the complaint. As such, we find that Appellant received adequate notice of the suit.
 {¶ 29} We find no error in the trial court's decision granting summary judgment in favor of Appellee and denying Appellant's summary judgment motion. Appellant's sole assignment of error is overruled.
 III. {¶ 30} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 14 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 CARR, J. WHITMORE, P. J. CONCUR *Page 1